**Mary Lou ALLEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 82–1350C(C).

United States District Court, E.D. Missouri, E.D.

Oct. 5, 1983.

Laurence D. Mass, Clayton, Mo., for plaintiff.

Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

MEREDITH, District Judge.

This matter is before the Court on separate motions of the plaintiff and defendant for summary judgment. Plaintiff brings this action seeking the right to convert to non-group health coverage that is identical to the coverage she received under her federal employee group coverage.

The Federal Employees Health Benefits Act of 1959 ("FEHBA") created the Federal Employees Health Benefits Program. 5 U.S.C. §§ 8901–13. Pursuant to this program, federal employees and annuitants may purchase health insurance as a fringe benefit of their Government employment. The Government does not act as an insurer. Rather, in accordance with FEHBA, the Health Benefits Program consists of a group of "Health Benefits Plans". These plans are group insurance policies, contracts or similar group arrangements with non-governmental organizations, called "carriers", established for the purpose of "providing, paying for or reimbursing expenses for health services." 5 U.S.C. §§ 8901(6) and (7).

FEHBA authorized the Civil Service Commission (CSC) and now authorizes its successor, the Office of Personnel Management (OPM), to enter into contracts with carriers to make Health Benefits Plans available to Federal employees and annuitants. 5 U.S.C. §§ 8902(a). The benefits that an employee is entitled to under a particular Health Benefits Plan are defined by the contract between OPM and the carrier for the Plan. Each eligible employee is provided with a brochure summarizing those benefits. 5 U.S.C. § 8907. Each employee chooses the Health Benefits Plan that the employee wishes to subscribe to. The premiums or charges for the employee's coverage are paid in part by the employee subscribers to that Health Benefits Plan and in part by the Government. 5 U.S.C. § 8906.

FEHBA established rules governing continuation of enrollment in a Federal Employees Health Benefits Plan after a federal employee terminates employment. 5 U.S.C. § 8905.

Each Federal Employees Health Benefit Plan is required to offer the enrollee the opportunity to convert, without evidence of good health, to a non-group plan during a temporary extension period upon ending enrollment in the Federal Employees Health Benefits Plan. 5 U.S.C. § 8902(g). Upon leaving the government service, a former employee is covered under his or her federal employees health benefit plan for 31 days. During that period, the former employee is entitled to convert to a non-group plan offered by the carrier of the plan in which he or she was formerly enrolled. 5 C.F.R. § 890.401.

Plaintiff was an employee of the United States Postal Service for approximately fourteen (14) years before her retirement in July, 1981 as a result of her disability. She has emphysema and other pulmonary deficiencies which served as the basis for her retiring from government service and receiving disability benefits. Plaintiff also

requires surgery on her ankle to remove metal screws which were inserted there to reduce and close a fracture. While an employee with the Post Office, plaintiff could have selected from among more than ten (10) health insurance coverage plans to obtain coverage. She, in fact, chose American Postal Workers Union Plan (APWU).

On July 10, 1981 the Postmaster of the United States Post Office for the City of St. Louis sent plaintiff a letter stating that her health benefits coverage had been transferred to the OPM. At the beginning of June, 1981 plaintiff moved from her address in St. Louis County, Missouri to her current address in Grandin, Missouri. She notified the OPM and Postal Service of this change of address and began receiving disability retirements benefits from OPM in June, 1981 at her Grandin, Missouri address. The OPM acknowledged receipt of the change of address before September 1, 1981.

On a form dated September 10, 1981, the OPM advised plaintiff that effective July 25, 1981 her health insurance coverage terminated. Plaintiff alleged and by affidavit stated that she never received this notice because it was sent to her former address in St. Louis, Missouri and not forwarded to her at her Grandin, Missouri address. It contained instructions on how plaintiff could automatically convert to a non-group health insurance coverage by notifying the insurance carrier of her desire to do so within thirty (30) days of the effective date of her termination from government coverage, or within fifteen (15) days from the date of the notice, but in no event later than seventy-five (75) days from the effective date of the termination.

At the beginning of October, 1981, plaintiff received a Civil Service Annuity Statement setting forth the amount of her monthly disability payments as "0". This statement was addressed to her at her residence in Grandin, Missouri. Plaintiff immediately wrote OPM and inquired as to why the Annuity Statement listed her health benefits as "0". The OPM responded in a letter dated November 30, 1981 and notified plaintiff that she has no health insurance coverage. The reason given for her non-coverage was that she had not been enrolled in a government program for five (5) consecutive years. More than seventy-five (75) days had elapsed from the effective date of termination of her coverage.

Plaintiff responded and explained that she had never received notification of her health insurance termination and requested that the government then officially notify her and give her an opportunity to convert to non-group coverage. Plaintiff received a letter from the OPM dated January 12, 1983 enclosing a copy of her cancellation notice. In a letter dated May 13, 1982 the OPM sent plaintiff its final decision to deny her health insurance benefits, because she did not meet the five (5) year coverage requirement.

Plaintiff then filed this suit. The government offered to settle it by allowing plaintiff to exercise her option to convert to non-group coverage under the APWU plan. Plaintiff then learned that the non-group policy offered by the APWU provides substantially lower coverage than the group policy offered to current federal employees. It provides benefits of up to Fifteen Dollars ($15) per day for One Hundred Twenty (120) days of hospitalization. In her Motion for Summary Judgment, plaintiff presented evidence of affidavits of various insurance company representatives of the conversion benefits for non-group coverage for other insurance programs available to federal employees. The level of coverage for non-group insurance ranges from very low to full and total coverage. Conversion policies under other government programs provide coverage at a higher level than that available to plaintiff under the APWU plan. For example, the Continental Assurance Company which underwrites the Mail Handlers' Benefit Plan provides conversion to non-group coverage with benefits of Twenty ($20), Thirty ($30) or Forty Dollars ($40) per day for hospitalization. The Prudential Insurance Company which underwrites the Postmasters' Benefit Plan and the NTEU Health Benefit Plan provides for non-group

health insurance coverage up to Seventy Dollars ($70) per day for hospitalization.

Those federal employees who had the Medical Care Group health plan in 1981 could convert to non-group health insurance through Metropolitan Life Insurance Company at the same level of benefits available to them while employed by the federal government, with the sole exception that the former employee would have to pay for prescription drugs. Both Blue Cross-Blue Shield and Aetna Life Insurance Company which underwrite the Governmentwide Indemnity Benefit Plan available to federal employees, provide a comprehensive policy with extensive health insurance coverage at levels near those available to federal employees for former employees under the non-group insurance plan.

Conversion privileges for former federal employees vary greatly. The federal government does not monitor the level of benefits to ensure that they provide comprehensive or substantially similar coverage.

The Court finds that it is questionable whether plaintiff received the notice advising her of the procedure to follow to convert to a non-group health plan. Accordingly, it is hereby ordered that the OPM take the necessary steps so that the plaintiff may convert to the non-group coverage of the APWU plan.

Plaintiff has prayed that OPM provide her with non-group health insurance coverage at the same level of benefits available to her while she was a federal employee. OPM does not provide health insurance coverage, the carrier does. The right to convert to non-group coverage is set forth in the regulations entitled "Minimum Standards For Health Benefit Plans". 5 C.F.R. § 890.201. The carrier is required to provide for conversion to a contract for health benefits regularly offered by the carrier. 5 C.F.R. § 890.201(a)(4). The APWU policy upon conversion is regularly offered by the APWU. There is no requirement that the non-group coverage has to be identical to the federal employee group coverage.

As a federal employee, plaintiff had the choice of electing which carrier with which to enroll. The benefits, monthly premiums, and the non-group coverages offered after leaving the federal government vary dramatically. The plaintiff had ample opportunity prior to enrolling in the APWU plan to determine the APWU non-group coverages. The brochure describing the APWU benefits does not specifically set forth the level of benefits upon conversion but advises the applicant they are available upon request.

Plaintiff was not required to remain forever with the APWU health coverage. Plaintiff could have transferred to one of those carriers offering significantly higher non-group benefits. She could have made this transfer to a different carrier during the "open season" (Nov.-Dec. of each year). 5 C.F.R. § 890.301(d). Plaintiff failed to do that.

The Court finds the OPM is not mandated to require that carriers provide the same level of benefits for non-group coverage as they do for the original federal employees group policy.

The Court further finds that plaintiff has abandoned Counts IV and V of her Amended Complaint.

Therefore, defendant is entitled to judgment as a matter of law on Counts I through V. Rule 56 F.R.C.P.

Plaintiff's Motion for Summary Judgment is granted solely for the limited purpose of permitting her to convert to the non-group APWU plan. The remaining portion of Plaintiff's Motion for Summary Judgment is denied. The Defendant's Motion for Summary Judgment is granted.