**Mary Lou ALLEN, Appellant,**

v.

**UNITED STATES of America, United States Office of Personnel Management and Donald J. Devine, Appellees.**

No. 83–2361.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1984.

Decided April 16, 1984.

Laurence D. Mass, Donna L. Aronoff, Wolff & Frankel, Clayton, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for appellees.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Mary Lou Allen appeals from a final order of the District Court[1] for the Eastern District of Missouri partially granting the government's motion for summary judgment. For reversal appellant argues that the district court erred as a matter of law in finding that she was not entitled to nongroup health insurance coverage at the same level of benefits available to her while she was a federal employee. For the reasons discussed below, we affirm the order of the district court.

The facts underlying this appeal are fully set forth in the district court's opinion and need not be repeated at length here. *Allen v. United States,* 572 F.Supp. 185 (E.D.Mo. 1983). In brief, appellant retired from the United States Postal Service in July 1981 as a result of disability and attempted to convert her federal group health insurance coverage under the American Postal Workers Union Plan (APWU plan) to a nongroup plan. The APWU plan was one of several Health Benefits Plans available to federal employees and annuitants established by contract between the Office of Personnel Management (OPM) and insurance carriers pursuant to the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901–8913 (1982) (FEHBA).

On a form dated September 10, 1981, OPM notified appellant that her health insurance coverage had terminated effective July 25, 1981, but that she could still automatically convert to a nongroup health insurance plan within fifteen days from the date of the notice. Appellant claimed that

---

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

she never received this notice and did not become aware her health coverage had terminated until October 1981, when it was too late to exercise her conversion option. Appellant then instituted this action.

The government offered to settle the case by allowing appellant to exercise her option to convert to the APWU nongroup plan. When appellant learned that the APWU nongroup plan offered substantially lower benefits than the APWU group plan,[2] she refused to settle. Appellant moved for summary judgment arguing, *inter alia*, that 5 C.F.R. § 890.201(a)(4)[3] impliedly required that the coverage under a converted individual policy must be identical to the coverage provided under the group plan. Appellant submitted affidavits and qualified plans from other carriers indicating that the level of benefits offered by these carriers upon conversation from group to nongroup plans was much greater than under a converted APWU plan. The government filed a cross-motion for summary judgment.

The district court found that it was questionable whether appellant received notice of her right to convert to a nongroup plan and accordingly ordered OPM to take the necessary steps so that appellant could convert to the nongroup APWU plan. In addition, the district court held that OPM was not mandated to require carriers to provide the same level of benefits for nongroup coverage as they did for federal employees under a group policy.

Appellant maintains that the district court erroneously interpreted the law in concluding that she was not entitled to the same level of benefits under the APWU nongroup plan as she enjoyed under that carrier's group plan. We disagree. Qualified Health Benefits Plans must afford federal employees whose enrollment in the plan ends the "option to convert, without evidence of good health, to a nongroup contract providing health benefits." 5 U.S.C. § 8902(g). Appellant has cited, and we have found, no law or regulation requiring that the level of benefits under a qualified group plan remain constant after conversion to a nongroup plan. In enacting the FEHBA, Congress certainly could have imposed such a requirement upon carriers to qualify their plans for OPM approval. Congress failed to do so, providing only that "[t]he terms or conditions under which the employee or annuitant may convert *will be prescribed by the carrier* and approved by the Civil Service Commission [now the OPM]." H.R.Rep. No. 957, 86th Cong., 1st Sess. (emphasis added), *reprinted in* 1959 U.S.Code Cong. & Ad.News 2913, 2922.

Accordingly, the order of the district court is affirmed.

---

**2.** For example, the group plan provided total coverage for hospital room and board expenses up to 365 days. The nongroup plan paid a maximum of $15.00 per day for 120 days for the same expenses.

**3.** 5 C.F.R. § 890.201(a)(4) provides in pertinent part:

(a) To be qualified to be approved by OPM, a health benefits plan shall:

. . . .

(4) Provide for conversion to a contract for health benefits regularly offered by the carrier, or an appropriate affiliate, for group conversion purposes . . . . The nongroup contract may not deny or delay any benefit covered by the contract for a person converting from a plan approved under this part except to the extent that benefits are continued under the health benefits plan from which he converts.