**Cindy WHITMAN, Plaintiff–Appellee,**

v.

**RALEY'S INC., Defendant–Appellant.**

**Floyd L. KRENTZ, Plaintiff–Appellee,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant–Appellant.**

**Nos. 87–2969, 89–16257.**

United States Court of Appeals, Ninth Circuit.

Submitted to Motions Panel May 8, 1988 and Sept. 27, 1989.

Decided Oct. 3, 1989.

Bruce Laxalt, Monique Laxalt Urza, Laxalt & Nomura, Reno, Nev., for defendant-appellant, Raley's, Inc.

Stephen N. Scheerer, Incline Village, Nev., James A. Stone, Reno, Nev., for plaintiff-appellee, Cindy Whitman.

Christopher H. Whelen, Gold River, Cal., for plaintiff-appellee, Floyd L. Krentz.

Geoffrey Van Loucks and Rob Mac-Donald, Van Loucks & Hanley, San Jose, Cal., for defendant-appellant, Connecticut Gen. Life Ins. Co.

Before HUG, BRUNETTI and NOONAN, Circuit Judges.

HUG, Circuit Judge:

█ We have chosen to resolve these two cases as companions because they present the same legal issue: Does 28 U.S.C. § 1447(d) bar review of remand orders that are based on a finding that federal law does not completely preempt plaintiff's state claims? We hold that it does.

I.

*WHITMAN APPEAL*

On March 21, 1986, Cindy Whitman filed a complaint against Raley's, her former employer, alleging causes of action for: (1) wrongful termination; (2) defamation; (3) conspiracy; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) reckless, malicious, oppressive and outrageous conduct. On April 25, 1986, Raley's filed a petition to remove the action to federal court on the ground that because the terms and conditions of Whitman's employment were governed by a collective bargaining agreement, federal subject matter jurisdiction existed over the complaint under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

On September 23, 1986, defendant filed a motion for summary judgment alleging that, once Whitman's complaint is properly recharacterized, all relief is barred by section 301's six month statute of limitations. Whitman both opposed the motion for summary judgment and filed a counter-motion to remand the case to state court. She contended that her claims were not preempted by section 301 because she was

not a union member and had no knowledge of the collective bargaining agreement.

On October 15, 1987, the district court granted Whitman's motion to remand reasoning that: "Because the plaintiff does have a wrongful termination cause of action under state law which is not preempted in any degree by § 301 of the LMRA, there is no federal question presented by the plaintiff's complaint. As such, this action was improperly removed from the state courts, and will be remanded."[1] On November 12, 1987, Raley's appealed from the remand order. On January 14, 1988, the district court granted defendant's motion to stay the remand order pending appeal.[2] Then this court issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1447(d). Timely responses to the order to show cause have been filed.

## II.

### CONNECTICUT GENERAL APPEAL

On February 11, 1985, Floyd Krentz filed a complaint against his former employer Nicholas Turkey Breeding Farms, Inc., Connecticut General Life Insurance Company, MONY and Does 1 through 100 for "tortious refusal to pay benefits." The complaint alleged causes of action for violation of California Insurance Code Section 790.03 et seq.; breach of the covenant of good faith and fair dealing; breach of a fiduciary relationship; intentional infliction of emotional distress; intentional misrepresentation; and negligent misrepresentation. On May 5, 1987, Connecticut General Life Insurance Company ("Connecticut General") removed the action to federal court contending that the state law causes of action were actually artfully pled ERISA claims.

Connecticut General then filed a motion to dismiss the complaint arguing that, once the complaint is recharacterized as an ERISA claim, it should be dismissed because ERISA does not grant a private right of action for delay in processing claims and ERISA bars all claims for extracontractual damages and punitive damages. Krentz opposed the motion contending that the plan was a private insurance policy, not an employee benefit plan governed by ERISA and that claims for prospective benefits are not preempted by ERISA. Krentz also filed counter motions for leave to file an amended complaint and to remand the action back to state court.

On February 23, 1988, the district court entered the following order:

1. Plaintiff's Motion to Amend is denied as being moot;

2. Defendant's Motion to Dismiss is granted only on the issue of insurance and prospective relief;

3. Defendants' Motion to Dismiss on the basis of ERISA preemption is denied;

4. Plaintiff's Motion for Remand is granted, but stayed until such time as to allow the Defendants to take an interlocutory appeal on the status of the conversion.[3]

On April 15, 1988, the district court amended its order to include:

It is further ordered that the motion of Defendant CONNECTICUT GENERAL LIFE is hereby denied solely due to the determination that there is no ERISA preemption pertaining to the conversion policy involved in this case. I certify that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from

1. The motion for summary judgment was denied without opinion. We assume that once the district court determined that it lacked subject matter jurisdiction, the court denied the motion for summary judgment as moot.

2. Because we conclude that appellate jurisdiction is lacking, we decline to consider the propriety of a district court staying a remand order

that falls within the proscription contained in 28 U.S.C. § 1447(d). See 1A J. Moore, B. Ringle & J. Wicker, Moore's Federal Practice, ¶ 169[2.–1] n. 14 (1987 & Supp. 1987–88).

3. As stated in footnote 2 supra, we decline to consider the propriety of the district court's stay of the order remanding the case to state court.

the order may materially advance the ultimate termination of the litigation.

On April 25, 1988, Connecticut General filed this petition for leave to appeal under 28 U.S.C. § 1292(b).

## III.

### REVIEWABILITY OF REMAND ORDERS

28 U.S.C. § 1447(c) requires a district court to remand a case to state court when it determines the case was removed without jurisdiction. 28 U.S.C. § 1447(d) prohibits review of all remand orders issued pursuant to section 1447(c) whether erroneous or not and whether review is sought by extraordinary writ or by any other means. *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976); *Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir.1988).

 A remand order that is not based on statutory grounds, however, is reviewable because "[t]here is no indication whatsoever that Congress intended to extend the prohibition against review to reach remand orders entered on grounds not provided by the statute." *Thermtron*, 423 U.S. at 350, 96 S.Ct. at 592 (holding that a remand order based on the district court's crowded docket is reviewable by writ of mandamus). Further, where a remand order is based on a substantive determination on the merits apart from any jurisdictional decision, the order is reviewable on appeal as a final collateral order. *See Clorox Co. v. United States Dist. Court*, 779 F.2d 517, 520 (9th Cir.1985) (remand order based on contractual forum selection clause is appealable); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276–78 (9th Cir.1984) (remand order based on contractual waiver of right of removal is appealable); *Waco v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 143, 55 S.Ct. 6, 7, 79 L.Ed. 244 (1934) (dismissal of a third party action that formed the basis for the remand is appealable).

It is clear that in both the Whitman and Connecticut General cases the remand order was a jurisdictional decision. The only question is whether in the process of making that decision on the basis of lack of federal preemption, a substantive law determination was made that would bring these cases within the *Clorox* exception.

## IV.

### COMPLETE PREEMPTION

 Normally, a complaint may not be removed from state court to federal court unless it could originally have been filed in federal court. 28 U.S.C. §§ 1331, 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, federal question jurisdiction only exists if the federal question is presented on the face of the complaint. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. A case may not be removed on the basis of a federal defense, such as preemption, even if the defense is anticipated in the complaint and both parties concede that it is the only question at issue. *See id.; Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983).

 "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). In that circumstance, removal is proper because Congress has *clearly* manifested an intent to make such causes of action removable. *Id.* 107 S.Ct. at 1548. *See also* concurring opinion at 1548, emphasizing this point.

 A distinction must be drawn between the inquiry the district court faces in considering whether a case was properly removed and the inquiry as to whether a preemption defense exists. At the removal stage, the inquiry is solely whether Congress intended a preemptive force so powerful as to displace entirely any state cause of action within the ambit of the federal

cause of action. "[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 24, 103 S.Ct. at 2854.

■ This jurisdictional issue of whether "complete preemption" exists is very different from the substantive inquiry of whether a "preemption defense" may be established. The jurisdictional question concerning "complete preemption" centers on whether it was the intent of Congress to make the cause of action a federal cause of action and removable despite the fact that the plaintiff's complaint identifies only state claims. The latter inquiry, concerning a "preemption defense," is a substantive inquiry as to whether a legal defense exists. This would be a matter for trial by a court having jurisdiction. The possible existence of a "preemption defense" does not justify removal. The Court stated in *Metropolitan Life:*

[T]he touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress. Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction.

107 S.Ct. at 1548.

■ On a remand petition where the removal petition is based on complete preemption, the sole issue before the district court is whether the plaintiff's claim is one of those claims that is "completely preempted" by federal law. If the court rules that the claim is not "completely preempted," the federal court lacks jurisdiction to rule on the substantive preemption defense.

A remand based on lack of "complete preemption" is a remand required by 28 U.S.C. § 1447(c), which states, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When a case is remanded on the ground that the federal court is without jurisdiction pursuant to section 1447(c), the remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976).

The symmetry of this procedural approach is significant. Generally the plaintiff is master of his or her complaint. If only state law claims are pleaded, generally, it remains a state court matter without a right of the defendant to remove to federal court even though a federal preemption defense is asserted. However, there are those exceptional circumstances when a plaintiff's cause of action is one that Congress has evidenced an intent of such strong preemptive power in an area that removal is permitted on the basis of "complete preemption," even though the plaintiff has "artfully pleaded" the claims in the complaint so as to plead only state claims. If the defendant seeks to remove the action on that ground, the plaintiff may test the ground on a remand petition. Then the issue before the federal district is whether plaintiff's claim is one that is "completely preempted." If it is, then the federal court has jurisdiction and, of course may proceed to rule on the substantive defense of preemption. If the federal court rules that the claim is not "completely preempted," then the federal court has no jurisdiction to rule on a substantive defense and remand is required. The substantive defense of preemption is then a matter for the state court to determine as a part of the trial proceedings. The federal court's ruling on "complete preemption" has no preclusive effect on the state court's consideration of the substantive preemption defense. This is, of course, particularly appropriate because the jurisdictional decision of lack of complete preemption is insulated by section 1447(d) from appellate review.

■ In the Whitman case before us, the appeal is dismissed because the order remanding the case to the state court is unreviewable under section 1447(d). In the case of Krentz v. Connecticut General, the petition for leave to appeal is granted, but the appeal is dismissed because the order of remand is likewise unreviewable under

section 1447(d). The district court, having remanded for lack of federal jurisdiction, lacked jurisdiction for any substantive rulings and thus no rulings of the federal court have any preclusive effect on the substantive matters before the state court.

APPEALS DISMISSED.