**J.W. SOLEY, Plaintiff–Appellee,**

v.

**FIRST NATIONAL BANK OF COMMERCE, et al.,
Defendants–Appellants.**

**No. 90–3399
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1991.

Rehearing Denied March 13, 1991.

Ellis B. Murov, Deutsch, Kerrigan & Stiles, New Orleans, La., for TK Valve Mfg., Inc.

M. Nan Alessandra, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for First Nat. Bank of Commerce and Pendleton.

Rainer Lorenz, Walter Antin, Jr., Antin & Lorenz, Hammond, La., for plaintiff-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

First National Bank of Commerce, Elizabeth Pendleton, TK Valve Manufacturing, Inc., Terry C. Helm, and the Profit Sharing Plan of TK Valve and Manufacturing, Inc., defendants below, appeal an order remanding this case to a Louisiana state court. In addition, J.W. Soley has moved to dismiss the appeal pursuant to 28 U.S.C. § 1447(d). We grant the motion and dismiss the appeal.

## I.

This case began as a negligent misrepresentation claim filed in a Louisiana state court by J.W. Soley. The appellants subsequently removed to a federal district court, alleging complete preemption under ERISA, 29 U.S.C. §§ 1109 and 1132. Soley moved to remand the case to state court, but the district court denied the motion. Soley then amended his complaint to include an ERISA breach of fiduciary duty claim. The defendants moved to dismiss the entire complaint, alleging that ERISA preempted the state law claims and that Soley failed to state a claim under ERISA. The district court, in response, vacated its earlier order denying Soley's motion to remand and issued an order remanding the case to state court.

The TK Valve appellants petitioned this court for a writ of mandamus ordering the federal district court to retain jurisdiction over the case, but we denied the petition. All of the appellants have also filed notices of appeal, and Soley has filed a motion to dismiss the appeals under 28 U.S.C. § 1447(d). We earlier ordered that the motion to dismiss be carried with the case, and we address the motion with the appeal at this time.

## II.

The district court remanded the case pursuant to 28 U.S.C. § 1447(c), which states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Under § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The Supreme Court has stated that the two provisions must be construed together, so that "only remand orders issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under § 1447(d)." *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 346, 96

S.Ct. 584, 591, 46 L.Ed.2d 542 (1976). But if an order falls within § 1447(c), then § 1447(d) bars review even if the remand order is clearly erroneous. *Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

Although § 1447(d) seems fairly harsh, its purpose is to prevent delay through protracted litigation of jurisdictional issues. *Thermtron*, 423 U.S. at 351, 96 S.Ct. at 593. As recently explained by the Ninth Circuit:

> Congress' concern that parties might use the appeal process to protract litigation over jurisdictional issues and thereby further delay litigation over the merits of the case reflects a balancing of competing interests resolved in favor of judicial economy. The availability of a federal forum through the removal procedure had to be weighed against the interest of expeditious resolution of a dispute initiated in state court. Congress decided that in cases begun in state court, lengthy delays over jurisdictional issues are unacceptable. Consequently, the district court is the final arbiter of whether it has jurisdiction to hear the case.

*Pelleport Investors v. Budco Quality Theatres*, 741 F.2d 273, 277 (9th Cir.1984).

■ The appellants argue that § 1447(d) does not bar review of the district court's remand order for two reasons. First, they contend that § 1447(d) does not bar a direct appeal of a remand order based on the resolution of a matter of substantive law, citing *Pelleport* and *Clorox v. U.S. Dist. Ct. for N.D. of California*, 779 F.2d 517 (9th Cir.1985). In both cases, the Ninth Circuit stated that § 1447(d) extends only to remand orders based on lack of jurisdiction. "[W]here a district court bypasses the jurisdictional arguments and reaches the merits of a ... dispute, the policy of [§ 1447(d)] is inapplicable. Any delay caused by [the] appeal ... is a delay that must be countenanced." *Pelleport*, 741 F.2d at 277. In *Pelleport*, the Ninth Circuit reviewed a remand order based on a forum selection clause; and in *Clorox*, it construed a petition for mandamus as a

notice of appeal and reviewed a remand order based on estoppel.

Although this court has also limited the scope of § 1447(d), our opinions are narrower. While the Ninth Circuit will look "beyond the language of the remand order to all the surrounding circumstances" in determining whether the order was based on a substantive decision on the merits, we have stated that we will only review remand orders if the district court "affirmatively states a non–1447(c) ground for remand." *Compare Clorox*, 779 F.2d at 520; *with In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 647 (5th Cir.1978). As we explained in *Merrimack:*

> [I]t is now clear that *Thermtron* announced only a narrow rule that was intended to be limited to the extreme facts of that case, in which a district judge stated openly that he was relying on a non–1447(c) ground for remand. The *Thermtron* Court never stated that it was willing to construe the seemingly-absolute bar of § 1447(c) as extending beyond the exceptional facts of that case, and [*Gravitt*] has demonstrated its unwillingness to do so.

*Id.* Accord *Royal v. State Farm Fire and Casualty Co.*, 685 F.2d 124, 136 (5th Cir. 1982); and *In re Weaver*, 610 F.2d 335, 337 (5th Cir.1980).

Two courts have considered the applicability of § 1447(d) to remand orders based on preemption. In *Whitman v. Raley's Inc.* and *Krentz v. Connecticut General Life Ins. Co.*, 886 F.2d 1177 (9th Cir.1989), companion cases, the appellants originally removed to federal court on the ground that federal law completely preempted the state claims, and the district courts subsequently issued remand orders. *Whitman* involved a wrongful termination claim allegedly preempted by the LMRA, and *Krentz* a tortious refusal to pay benefits claim allegedly preempted by ERISA. The Ninth Circuit drew a helpful distinction between "complete preemption", a jurisdictional issue, and the "preemption defense," a substantive inquiry:

> The jurisdictional question concerning "complete preemption" centers on wheth-

er it was the intent of Congress to make the cause of action a federal cause of action and removable despite the fact that the plaintiff's complaint identifies only state claims. The latter inquiry, concerning a "preemption defense," is a substantive inquiry as to whether a legal defense exists. This would be a matter for trial by a court having jurisdiction. *Id.* at 1181. As the Supreme Court stated in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987), even an obvious preemption defense does not usually confer removal jurisdiction because of the "well pleaded complaint" rule. Instead, "the touchstone of [a] federal district court's removal jurisdiction is ... the intent of Congress." *Id.* Citing *Taylor*, the Ninth Circuit concluded that § 1447(d) barred review of the remand orders in both *Whitman* and *Krentz* because the remand orders were based on the "complete preemption" doctrine and also noted that, because the orders were jurisdictional, they would have no preclusive effect on the state courts' consideration of the preemption defenses. *Whitman*, 886 F.2d at 1181.

*Glasser v. Amalgamated Workers Union Local 88*, 806 F.2d 1539 (11th Cir.1986), also involved a wrongful denial of benefits claim. Again the appellants removed on the ground that ERISA completely preempted the state claims, and the district court remanded after concluding that ERISA only provided preemption defenses. The Eleventh Circuit first refused to adopt a "clearly erroneous" exception to § 1447(d) as urged by the appellants. The court then went on to conclude that *Pelleport* and *Clorox* were inapplicable, noting that although the decision underlying the remand order involved a conclusion of substantive law, the substantive law decision related only to the question of jurisdiction. *Id.* at 1540. The court found it particularly relevant that the district court did not reach the merits of the preemption defense; its opinion thus did not affect the appellants' substantive rights. *Id.* at 1540–41.

The district court's remand order in this case is a bit more ambiguous than in *Whitman*, *Krentz*, and *Glasser*. The district court opened by stating that the case "does not *arise under* ERISA" (emphasis added), suggesting that the decision was jurisdictional. In explaining this conclusion, however, the district court reasoned that Soley's claims were not "within the boundaries of ERISA pre-emption" and that any remedies were thus state and not federal. This explanation appears to implicate the substantive preemption defense issue rather than the jurisdictional issue. Although we thus find the order confusing, we conclude that our decision in *Merrimack* precludes review of the remand order because the district court did not clearly and affirmatively state that it relied on a non–1447(c) ground. *See also Royal*, 685 F.2d at 136; and *In re Weaver*, 610 F.2d at 337. We take comfort in the fact that, because we construe the order as jurisdictional, the district court's statements will have no preclusive effect on the state court's consideration of the substantive preemption defense. *See Whitman*, 886 F.2d at 1181.

The appellants also argue that a substantive decision "necessarily preceded" the decision to remand and that § 1447(d) does not bar a direct appeal of this "separable portion" of the remand order, citing *Waco v. U.S. Fidelity & G. Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934), and *Mitchell v. Carlson*, 896 F.2d 128 (5th Cir.1990). In *Waco*, 293 U.S. at 143, 55 S.Ct. at 7, the Supreme Court held that an order dismissing a cross-action, and consequently destroying diversity, was appealable because "in logic and in fact the decree of dismissal preceded that of remand." We picked up on this language in *Mitchell* and concluded that the portion of a remand order that resubstituted an individual for the United States as defendant, and thus destroyed removal jurisdiction, was separable from the remand order and appealable.

The appellants suggest that the district court's remand order in this case similarly contained a separable portion rejecting ERISA preemption as a defense. But, as discussed above, it is unclear whether the district court based the remand order on the jurisdictional issue or the substantive preemption defense. And even if the appellant's interpretation of the remand order is correct, the rejection of an ERISA pre-

**410**

emption defense does not "in logic and in fact" precede a remand order because, under the "well-pleaded complaint" rule, a defense does not confer removal jurisdiction. Instead, if the district court considered the preemption defense, it did so only because of an erroneous belief that the defense was relevant to the jurisdictional issue. The distinction is important because, in both *Waco* and *Mitchell*, the "separable portion" of the order denied a right not subject to review by the state court. In *Waco*, the state court would not reconsider the dismissal of the cross-action; and in *Mitchell*, the state court would not reconsider the resubstitution order. In this case, by contrast, because we interpret the remand order as jurisdictional, the state court will have an opportunity to consider the appellants' preemption defense and the district court's order will have no preclusive effect.

Because we conclude that § 1447(d) bars us from reviewing the remand order, we do not reach the appellants' arguments on the preemption issue. The appeal is DISMISSED.