A. Edward BRADY, et al., Plaintiffs,

v.

GENERAL DYNAMICS CORP. and Convair Recreation Association, et al., Defendants.

No. 95–3827–B(RBB).

United States District Court, S.D. California.

Jan. 26, 1996.

Timothy Blood, Sherri Pym, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, for plaintiffs.

Charles Bird, Luce Forward Hamilton & Scripps, San Diego, CA, Craig Martin, Jenner & Block, Chicago, IL, Anthony Porcelli, Jenner & Block, Chicago, IL, Claudette Wilson, Mazzarella, Dunwoody, Wilson & Petty, San Diego, CA, for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND, DENYING FEES AND COSTS FOR IMPROPER REMOVAL, AND TAKING OFF CALENDAR DEFENDANT'S MOTION TO DISMISS

BREWSTER, District Judge.

On January 16, 1996, this Court held a hearing in the above-captioned matter on plaintiffs' motion for remand and on the motion of General Dynamics Corporation (hereafter "General Dynamics") to dismiss, in which co-defendant Convair Recreation Association (hereafter "CRA") joined. Timothy Blood, Esq. and Sherri Pym, Esq., appeared on behalf of plaintiffs. Charles Bird, Esq., Craig Martin, Esq., Anthony Porcelli, Esq., and Claudette Wilson, Esq., appeared on behalf of defendants. After due consideration of the briefs filed, the record in this case and all evidence and arguments presented at the hearing, this Court hereby GRANTS plaintiffs' motion for remand, TAKES OFF CALENDAR defendants' motion to dismiss and DECLINES to award fees and costs for the improvident removal by defendants.

## BACKGROUND

This is a putative class action seeking damages and injunctive relief alleging claims under state law for, *inter alia*, breach of contract and breach of fiduciary duty arising out of the winding up and dissolution of the CRA. Plaintiffs are a prospective class of former General Dynamics employees, now retired, who reside in California. Defendant General Dynamics is a Delaware corporation with its principal place of business in Virginia. With the support and assistance of General Dynamics, Defendant CRA became a California employee-run unincorporated association formed by, and operated on behalf of, all the employees of General Dynamics. CRA finances and manages recreational benefits for General Dynamics' employees and retirees. The by-laws of CRA, provide that its objects and purposes are:

[T]o provide a means of fostering, managing, conducting, and coordinating the various recreational activities of all the employees General Dynamics (sic) at San Diego, California; to provide a means of fostering, managing, conducting, and coordinating social welfare activities of the said employees and their dependents; to provide a means of cooperation and coordination between the employees and management of General Dynamics in connection with all social, recreational, athletic, and welfare activities of the Association for the benefit of said employees.

By-laws of General Dynamics/Convair Recreation Association, Article 3, section 1.

Plaintiffs allege that General Dynamics promised them certain recreational benefits, including membership in CRA, as part of the inducement to join General Dynamics and as part of their employment compensation.[1]

---

1. See Plaintiffs' Complaint, ¶ 23, p. 11: "[CRA] was developed by General Dynamics to entice

CRA membership included access to, among other things, the facilities at Missile Park. The amenities at Missile Park include: (a) a 19,000 square foot clubhouse with health fitness center[2] and meeting rooms; (b) picnic facilities; (c) a lighted track; (d) softball and multi-purpose fields; (e) tennis and volleyball courts; (f) a Merry–Go–Round; (g) an antique fire engine; and (h) a miniature railroad which encircles the park.

General Dynamics owns the Kearney Mesa property on which Missile Park is located, but originally issued and periodically has renewed a license to CRA for its use of Missile Park. The most recent license, dated 1991, provides that it can be terminated by either party on ninety days' written notice. The evidence before the Court also shows that General Dynamics licensed to CRA the right to operate vending machines at General Dynamics' plants in San Diego. CRA apparently has used the proceeds from the vending machines to purchase certain assets and to pay its operating expenses. CRA asserts that, with the severe downsizing of General Dynamics employment, vending machine proceeds have dwindled in recent years and, as a result, CRA has sold some of its assets to defray some of its costs. None of the sale proceeds went to General Dynamics; all proceeds were used by CRA. Recently, as part of the winding up of General Dynamics' business in San Diego, the license has been terminated and CRA is in the process of liquidating all its assets and dissolving.

Under CRA's by-laws, all employees of General Dynamics at San Diego are automatically members of CRA. By-laws, Article V, section 1. The by-laws of CRA stipulate that membership in CRA lasts "during the life of this Association." Article V, section 1. Further, the by-laws provide that CRA "may be dissolved at any time" upon proper notice, Article III, section 4, and that, upon dissolution, the "funds remaining after paying debts, dues, and obligations of the Association and the expenses of settling the Association's business, shall be distributed for welfare or recreational purposes or for both purposes. . . ."

Plaintiffs originally filed their complaint in state court on November 7, 1995. Defendants timely removed the case to federal court on November 29, 1995 on the basis that plaintiffs' claims are completely preempted by the Employee Retirement and Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461.

On December 8, 1995, this Court heard and denied plaintiffs' motion for a temporary restraining order, finding that, assuming federal jurisdiction, plaintiffs had failed to show any likelihood of success on the merits or any irreparable injury.

## CONCLUSIONS OF LAW

### A. Standards of Law

#### 1. Removal Jurisdiction and Remand

■ The burden of establishing federal jurisdiction on removal falls on the party seeking removal. *Redwood Theatres v. Festival Enterprises*, 908 F.2d 477, 479 (9th Cir.1990). The removal statute, 28 U.S.C. § 1441(a), is strictly construed against removal. *Id.*

■ If a removal is determined to have been improper, remand is required by 28 U.S.C. § 1447(c).[3] See also *Whitman*, 886

---

potential employees to join General Dynamics and as a form of compensation to its employees to encourage and maintain the employees' hard work, loyalty, and long and dedicated service to General Dynamics."

**2.** General Dynamics states that prior to being able to use the fitness center, a member had to undergo a physical examination in which the member's resting heart rate and blood pressure, muscular strength and endurance, lower back/hamstring flexibility, body composition and cardiovascular fitness would be evaluated. Further, the fitness center offered "wellness ser-

vices," which included: aerobics classes, adult fitness classes, massage therapy, CPR classes, yoga, stress and nutrition management seminars, as well as blood pressure, cholesterol, back care, hearing and vision screenings. No medical treatment or first aid was provided.

**3.** 28 U.S.C. § 1447(c) reads in pertinent part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

F.2d at 1181 (lack of "complete preemption" requires remand under 28 U.S.C. § 1447(c)).

### 2. The Well–Pleaded Complaint Rule and Complete Preemption

■■ Generally, the well-pleaded complaint rule states that a federal question is present in a case only if the federal question exists on the face of the complaint. *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180 (9th Cir.1989). Plaintiff's artfully pleaded state law complaint will be respected for jurisdictional purposes even if the complaint raises a federal defense, such as federal preemption, and removal in such circumstances would be improper. *Id.*

■■ However, there is an exception to the well-pleaded complaint rule. Under the "complete preemption" doctrine, "Congress may so completely pre-empt a particular area[,] that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). ERISA is a subject matter which falls within the "complete preemption" doctrine. *Id.* at 65–66, 107 S.Ct. at 1547–48; see also *Holman v. Laulo–Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). The court's inquiry, then, is whether or not the state causes of action pleaded by plaintiffs fall within the scope of ERISA.

### 3. ERISA Coverage

■ Generally speaking, ERISA was designed by Congress to protect beneficiaries of employee benefit plans. See 29 U.S.C. § 1001. ERISA applies, generally speaking, to "any employee benefit plan." 29 U.S.C. § 1003(a). An "employee benefit plan" is defined as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3).

An "employee welfare benefit plan" is defined as:

"any plan, fund or program which ... [is] established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title...."

29 U.S.C. § 1002(1).

29 U.S.C. § 186(c), in turn, refers in pertinent part to:

money or other thing of value paid by any employer to a trust fund established by such representative for the purpose of pooled vacation, holiday, severance or similar benefits, or defraying costs of apprenticeship or other training programs..

An "employee pension benefit plan" is defined as

any plan, fund, or program which ... is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—

(i) provides retirement income to employees, or

(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond....

29 U.S.C. § 1002(2)(A).

### B. The Recreational Benefits Program at Issue Does not Constitute an ERISA Plan

■ The issue pertinent to both the motion to remand and the motion to dismiss is whether or not the recreational benefits program in this case constitutes an employee welfare benefit plan as defined by ERISA.[4]

---

shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

**4.** Defendant does not assert in its papers that the benefits at issue are an "employee pension benefit plan." The Court agrees.

If the program is covered by ERISA, then ERISA would completely preempt plaintiffs' claims, and federal jurisdiction would be established. If the program is not covered by ERISA, then there would be no preemption and no federal question jurisdiction (28 U.S.C. § 1331). Therefore, we must inquire whether the recreational benefits program through CRA was established for the purpose of providing, *inter alia*, medical, accident, disability, vacation or, under section 186(c), severance or other similar benefits.

The recreational benefits at issue do not qualify under any of these categories. Membership in CRA seems to be a fringe benefit best seen as a form of current compensation rather than the type of employee benefit Congress was concerned about protecting when it passed ERISA.

29 C.F.R. 2510.3–1(c) states that an employee welfare benefit plan does *not* include:

(1) The maintenance on the premises of an employer or of an employee organization of recreation, dining or other facilities (other than day care centers) for use by employees or members; and

(2) The maintenance on the premises of an employer of facilities for the treatment of minor injuries or illness or rendering first aid in case of accidents occurring during working hours.

Furthermore, plaintiffs point out an advisory opinion issued by the Department of Labor, which determined that a company's Recreation Trust, which provided "use of a recreation or vacation facility" to employees, did not "constitute a 'vacation' benefit within the meaning of ERISA section 3(1), nor any other benefit delineated in that section.... [T]o the extent that the only benefit provided by the Plan and Trust is the 'use of a recreation or vacation facility,' the Plan and Trust would not constitute an 'employee welfare benefit plan' within the meaning of ERISA section 3(1)...." See Department of Labor, Pension & Welfare Benefit Programs Opinion 85–38 A, 1985 ERISA LEXIS 6 (1985). While not binding authority, this advisory opinion is particularly instructive.

General Dynamics contends that the recreational benefits are either severance benefits or medical benefits, and therefore fall under the definition of an employee welfare benefit plan. The Court disagrees.

"Severance pay ... requires an extra disbursement of funds, above and beyond ordinary wages, at or after the termination of employment." *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1503 (9th Cir.1985). In our case, the recreational benefits "vested" upon commencement of employment and not upon termination. Under CRA's bylaws, the recreational benefits began upon employment and continued for the duration of employment. Plaintiffs in their complaint acknowledge this fact, see Complaint, ¶ 24, p. 11, and in fact allege that the benefits were promised to have continued into retirement. Because it is undisputed that the benefits did not trigger solely upon termination, the recreation benefits are not "severance benefits."[5]

Alternatively, General Dynamics suggests that the recreational benefits are medical

---

**5.** Defendant appears to argue that plaintiffs' complaint is premised on the claim that plaintiffs were entitled to recreation benefits "upon termination of their employment for any reason...." See Opposition, p. 2:18–22. However, defendant is taking plaintiffs' complaint out of context: in only one place do plaintiffs allege that they were promised recreation benefits upon retirement or termination, see Complaint, p. 16, para. 46. The bulk of the complaint, however, discusses plaintiffs' alleged continued entitlement to recreation benefits upon retirement.

Moreover, it seems clear under CRA's bylaws that plaintiffs enjoyed benefits immediately upon employment, and not solely upon termination. This fact weighs heavily against defendant's attempt to recharacterize the complaint.

At oral argument, defense counsel suggested that the Court should look primarily, if not exclusively, at the Complaint's allegations in deciding the motions for remand and to dismiss. However, this Court must remand a case whenever it determines it no longer has jurisdiction over the case, 28 U.S.C. § 1447(c), and it is clearly established that the Court is not limited to the four corners of the complaint to test the propriety of a removal. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 n. 1 (7th Cir.1993) (in testing removal petition, court may "consider the matter when the parties raise it" and is not restricted to plaintiff's complaint); see also *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.) *cert. den.* 498 U.S. 817 (1990) (court may consider affidavits and depositions in ruling on a motion to remand).

benefits. First, the Court finds that no medical benefits are provided. Second, even assuming that the services offered by CRA constitute "medical benefits" under ERISA, it seems that any putative "medical care" offered by CRA was tangential to its purpose of providing recreational opportunities to its members. See 29 C.F.R. 2510.3–1(c)(2), *supra*. Third, plaintiffs nowhere allege that they were deprived of any "medical care" and do not base any claim or material allegation on any such deprivation. Therefore, the Court concludes that the CRA recreational benefits program is not within the scope of the Employee Retirement and Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, and the plaintiffs' complaint does not invoke the jurisdiction of this Court.

### CONCLUSION

This Court GRANTS plaintiffs' motion to remand and takes defendants' motion to dismiss off calendar without ruling on it. No fees or costs will be assessed for the improper removal. This case is hereby REMANDED to Superior Court.

IT IS SO ORDERED.