**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20598
(Summary Calendar)

MARION HUDAIFA,

Plaintiff-Appellee,

versus

MEMORIAL HOSPITAL SOUTHWEST,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-96-1188)

December 23, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Memorial Hospital Southwest ("Memorial"), appellant, appeals to this court the district court's Order For Remand, remanding this case to Texas state court, and award of attorney's fees in favor of Marion Hudaifa ("Hudaifa"), appellee. Memorial makes three arguments on appeal: (1) the Order For Remand is appealable; (2) on the merits, Hudaifa's claim is preempted by ERISA; and (3) the district court abused its discretion in awarding attorney's fees.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

We have reviewed the record and briefs and conclude that (1) § 1447(d) bars review of the remand order and (2) Hudaifa waived the award of attorney's fees. Accordingly, the award of attorney's fees is VACATED and the appeal is DISMISSED.

**FACTS**

The Appellee, Marion Hudaifa, filed suit in Texas state district court against the Appellant, Memorial Hospital Southwest ("Memorial"), alleging breach of duty of good faith and fair dealing based upon Memorial's alleged refusal to pay her medical expenses for an alleged on-the-job injury and for allegedly compelling her to sign a release and settlement. Memorial filed an answer, pleading three affirmative defenses: (1) Preemption by ERISA; (2) Failure to mitigate damages; and (3) Memorial's actions were not a proximate cause of Hudaifa's injuries.

Memorial filed for removal to federal district court pursuant to 28 U.S.C. § 1441. Hudaifa filed a motion for remand and for sanctions for improvident removal. Memorial objected. Hudaifa's motion was granted and the case was remanded. The Order for Remand states in pertinent part:

> The motion of Plaintiff Marion Hudaifa to remand the above entitled action to the 189th District Court of Harris County, Texas in which it was brought originally and for sanction, having come before this Court and the Court <u>having considered the motion, the certified copy of the plaintiff's First Amended Original Petition and the file herein, and it appearing to the Court that the above entitled action was removed to this Court improvidently</u> and that Plaintiff's Motion for Remand should be granted; R. 59 (emphasis added).

The district court also awarded Hudaifa $300.00 in attorney's fees pursuant to 28 U.S.C. § 1447(c). Memorial filed a timely appeal to this court.

**DISCUSSION**

**I. The Remand Order is not Reviewable**

2

Reviewability of a remand order depends entirely upon the trial court's stated grounds for its decision to remand. Remand after removal is controlled by 28 U.S.C. § 1447(c), which provides:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Except in civil rights cases, once a case is remanded pursuant to § 1447(c), § 1447(d) mandates that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d); *See Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723 (1977). In fact, prior to the 1988 amendment[1] to §1447(c), mere use of the words "improvidently and without jurisdiction" rendered any remand order by a district court totally unreviewable, "no matter how clearly erroneous the order appear[ed] on its face." *In re Merrimack Mutual Fire Ins. Co.*, 587 F.2d 642, 648 (5th Cir. 1978). Today, it is well established law in this circuit that the recital of the new phrase "'lack of subject matter jurisdiction" has the same effect as the old language. *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1025 (5th Cir. 1991).

A problem arises, however, when the district court's remand order neither recites the "magic words," nor mentions §1447(c), as in the case at bar. Memorial contends that this court may review the remand order because the district court remanded it for a "reason other than those set out in section 1447(c)." Appellant's Brief at 4. In support of its argument, Appellant attempts to place this

---

[1] Prior to 1988, § 1447(c) read as follows: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . ."

3

case within the *Thermtron*[2] exception of § 1447(c), by citing *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991), *cert. denied*, 502 U.S. 1049 (1992), and *In re International Paper Co.*, 961 F.2d 558 (5th Cir. 1992), *cert. denied*, 506 U.S. 917 (1992), as controlling authority.

The reliance on *Thermtron* and its progeny is misplaced. *Thermtron* announced only a narrow rule that was intended to be limited to the extreme facts of that case, in which a district judge stated openly that he was relying on a non-§ 1447(c) ground for remand. *Merrimack*, 587 F.2d at 647. Consequently, *International Paper* is not controlling. There the court held that an order which remanded a case "in the spirit of federalism," due to a congested docket was a basis outside the scope of § 1447(c) and was reviewable. In the case at bar, the remand order is virtually silent.

Moreover, reliance on *Shell Oil* is totally inappropriate for the guidance in this case. There, the court explicitly limited the holding to cases in which <u>both</u> the "remand motions were not timely, and in which the remand orders were not based on lack of subject matter jurisdiction." <u>Shell Oil</u>, 922 F.2d at 1526 n.4. In our case, Hudaifa filed a timely motion to remand.

*Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406 (5th Cir. 1991), provides more appropriate guidance for resolving our case. In *Soley*, the court held that even if the trial court neither states as grounds for remand the specific words of § 1447(c) nor cites the statute itself, the order is not reviewable if, it is evident that the court intends to remand for the grounds cited in § 1447(c). In that case, in its order of remand the district court only stated that the claims "were not within the bounds of ERISA pre-emption." *Id*. at 409. The court stated that although the remand

---

[2] *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976) (holding that review is available by mandamus when remand is explicitly based upon grounds other than those specified in § 1447(c)).

order was confusing, review was precluded "because the district court di d not clearly state that it relied on a non-1447(c) ground." *Id.*

Such is the case here. The district court's Order of Remand only states that upon review of Hudaifa's motion and the record, the court determined that the action was removed "improvidently." The order does not cite § 1447(c) and provides no further reason for the remand.

Memorial argues that after the 1988 amendment to § 1447(c), only a finding of lack of subject matter jurisdiction renders a remand order *per se* unreviewable under § 1447(d). Thus, the district court statement that the case was improvidently removed is reviewable. Memorials argument, however, contradicts the Supreme Court's holding in *Things Remembered, Inc., v. Petrarca*, 116 S. Ct. 494 (1995). There, the court held that § 1447(d) prohibits review of a remand order any time the district court's remand is "based on a timely raised defect in removal procedure <u>or</u> on lack of subject-matter jurisdiction . . . ." *Id.* at 496 (emphasis added).

Because we conclude that § 1447(d) bars us from reviewing the remand order, we do not reach Memorial's arguments on the preemption issue.

**II. The Award of Attorney's Fees Pursuant to § 1447(c)**

This court has held that it has the authority to review a district court's award attorney's fees and costs pursuant to § 1447(c). *See Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993). Consideration of whether the district court abused its discretion, however, is useless in the instant case. Hudaifa has waived any claim to the award "[i]n the interest of judicial economy . . . ." Appellee's brief at 2.

Accordingly, the award of attorney's fees is VACATED and the appeal is DISMISSED.