Lemuel **MEHAFFEY** and Donna Mehaffey, Plaintiffs,

v.

**BOSTON MUTUAL LIFE INS. CO.,** et al., Defendants.

Charles Bunton and Karen Bunton, Plaintiffs,

v.

Boston Mutual Life Ins. Co., et al., Defendants.

Andrew J. Kehoe, Plaintiff,

v.

Boston Mutual Life Ins. Co., et al., Defendants.

Nos. Civ.A. 98–A–1106–E, Civ.A. 98–A–1107–E, Civ.A. 98–A–1108–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Dec. 14, 1998.

Sam E. Loftin, Loftin, Herndon, Loftin & Miller, Phenix City, AL, for plaintiffs.

C. Brandon Sellers, III, Greenville, AL, for Gary W. Gravely, defendant.

John P. Scott, Jr., Starnes & Atchison, Birmingham, AL, for Boston Mutual Life Insurance Company, defendant.

Sam E. Loftin, Loftin, Herndon, Loftin & Miller, Phenix City, AL, for Charles Bunton, plaintiff.

## MEMORANDUM OPINION[1]

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand, filed by the Plaintiffs on October 28, 1998. The Plaintiffs originally filed their complaint in the Circuit Court of Russell County, Alabama, naming Gary W. Gravely and the Gravely Agency as Defendants. The Plaintiffs subsequently filed a First Amended Complaint adding Boston Mutual Life Insurance Company ("Boston Mutual") as a Defendant. In their First Amended Complaint, the Plaintiffs assert two claims arising under state law. Count One alleges fraud in the inducement based on misrepresentations on which the Plaintiffs relied by paying premiums for a Boston Mutual insurance policy which never was issued. Count Two alleges negligent or wanton failure to procure insurance for the Plaintiffs.

On September 28, 1998, Defendant Boston Mutual removed the case to the United States District Court for the Middle District of Alabama with the consent of the other Defendants. Boston Mutual contends that removal is proper because the insurance benefits plan on which the action is predicated is an "employee welfare benefit plan" within the confines of the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. §§ 1001 et seq. To the extent that the Plaintiffs' state law claims "relate to" an ERISA plan, those claims are completely preempted under 29 U.S.C. § 1144(a).

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

### II. FACTS

The Plaintiffs are teachers or spouses of teachers at Glenwood School. Glenwood School is a private institution located in Phenix City, Alabama. In 1997–98, Glenwood School had a cafeteria plan in effect under which the school contributed $600 for each full-time staff and faculty member. Participation in the plan was not mandatory. The staff and faculty members could use the contribution for a variety of purposes, including health insurance.

In the spring and summer of 1997, Defendant Gary Gravely met with a group of teachers at Glenwood School to discuss group health insurance. Mr. Gravely obtained a premium quote from Boston Mutual and proposed a Boston Mutual policy to the teachers in June of 1997. Several teachers decided to purchase the Boston Mutual policy. The interested teachers completed applications, and Mr. Gravely obtained signed waiver cards from the teachers who chose not to purchase the Boston Mutual policy.

Mr. Gravely received a Glenwood school check in the amount of $2,912.87, dated July 1, 1997, representing the initial premium for the Boston Mutual policy. In August of 1997, Mr. Gravely informed the group that Boston Mutual applied a twenty percent rate-up based on additional health information about certain applicants within the

1. These three cases arise out of the same transaction. The parties have submitted identical briefs on this motion in each of the cases. The court accordingly has treated these cases together. The court will use the term "Plaintiffs" to refer collectively to the Plaintiffs in all three cases.

Defendant Boston Mutual Life Insurance Company has filed a Motion to Consolidate. Because this court has determined that the Plaintiffs' Motion to Remand is due to be granted, the court will not decide the Motion to Consolidate.

group. The teachers decided not to accept the policy. The Plaintiffs claim that Mr. Gravely informed them on several occasions that the Boston Mutual policy became effective on July 1, 1997. In fact, the policy never was issued.

### III. *REMAND STANDARD*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.* 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

### IV. *DISCUSSION*

#### A. Complete Preemption

 Removal of a case to federal court is only proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, the Defendants argue that removal was proper because the court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425.

 There is an exception to the well-pleaded complaint rule, known as the "complete preemption" doctrine, which gives this court federal question jurisdiction. *Id.* The doctrine of complete preemption is distinguished from a simple defense of preemption. Simple preemption involves a question of whether a defense is available under federal law, while complete preemption is a jurisdictional question which focuses on Congress' intent to make "the cause of action a federal cause of action and removable despite the fact that the Plaintiffs' complaint identifies only state claims." *Whitman v. Raley's Inc.,* 886 F.2d 1177, 1181 (9th Cir.1989).

 Therefore, where the removal petition demonstrates that the plaintiff's claims are federal claims in substance, although couched in the language of state law claims, the preemptive force of federal law provides the basis for removal jurisdiction. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

 The Supreme Court has determined that the uniform regulatory scheme established by ERISA is one area in which Congress intended to provide for complete preemption. *Metropolitan Life Ins. Co. v. Taylor* 481 U.S. 58, 64–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Congress evidenced its intent in the statutory provision which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). Therefore, if state law claims "relate to" an ERISA plan within the meaning of ERISA's preemption provision under 29 U.S.C. § 1144(a), the claims are converted to federal claims for the purpose of removal jurisdiction. *Taylor,* 481 U.S. at 60, 107 S.Ct. 1542.

#### B. The Plaintiffs' Claims

In the present case, the Plaintiffs have alleged that Defendant Gary Gravely, acting within the scope of his employment as an agent for Boston Mutual, represented that the Plaintiffs were insured by Boston Mutual, that the policy became effective July 1, 1997, and that the policy covered preexisting conditions. Boston Mutual never issued a policy to the Plaintiffs. The Plaintiffs assert claims for fraudulent inducement of a premium payment and negligent or wanton failure

to procure health insurance. The Plaintiffs allege that their claims do not "relate to" an ERISA plan because no policy was ever issued, and there is no claim for benefits under the policy.

The Supreme Court has stated that the words "relate to" in ERISA's preemption provision should be broadly construed such that a particular state law claim "relates to" an ERISA plan if the state law claim has a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Such a determination must be made with a common sense view of the matter. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85· L.Ed.2d 728 (1985). Even a state law with only an indirect effect on a benefit plan can be preempted unless it affects the plan in "too tenuous, remote, or peripheral a manner." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. 2890.

Claims which are "related to" ERISA plans are those claims which specifically refer to and would affect an ERISA plan, would contravene the structure or purpose of ERISA, would require a construction of the benefit plan, or would mandate an interpretation of the statutory duties of one of the parties to the plan. *See Stoudemire v. Provident Life and Accident Ins. Co.,* 24 F.Supp.2d 1252 (M.D.Ala.1998) *Consumer Benefit Ass'n v. Lexington Ins. Co.,* 731 F.Supp. 1510, 1515 (M.D.Ala.1990).

## C. Analysis

This court must determine whether the Plaintiffs' claims "relate to" an ERISA plan. In relevant part, ERISA defines the terms "employee welfare benefit plan" and "welfare plan" as:

> any plan, fund, or program which ... is ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants ... through the purchase of insurance or otherwise, ... benefits in

the event of sickness, accident, disability, [etc.] ....

29 U.S.C. § 1002(1).

The Department of Labor's "safe harbor" regulation provides an exception which exempts some employee welfare benefit plans from ERISA coverage. The relevant section provides:

> (j) *Certain group or group-type insurance programs.* For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members or an employee organization under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form or cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j). Because Glenwood School, the Plaintiffs' employer, contributed to the premium payment for the Boston Mutual policy, the plan would not fall within the safe harbor provision.

The Eleventh Circuit has stated that an ERISA employee welfare plan requires (in relevant part): (1) a plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing disability benefits (5) to participants or their beneficiaries. *Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir.1982).

Even assuming the Boston Mutual policy otherwise would meet the elements of an ERISA plan, the Plaintiffs assert that their claims cannot "relate to" an ERISA plan because the Boston Mutual policy was never issued. The Plaintiffs make no claim for benefits under a policy, and the Plaintiffs do not challenge any action concerning the processing of ERISA claims, disbursement of ERISA benefits, or administering of an ERISA plan. Instead, the Plaintiffs base their claims on Mr. Gravely's representations that he would obtain coverage, his collection of premiums, his failure to procure insurance coverage, and his false statements that coverage existed.

Boston Mutual cites several cases in support of its contention that ERISA preempts the Plaintiffs' state law claims. The Eleventh Circuit recently has held that ERISA may preempt state law claims for fraudulent inducement. *See Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346 (11th Cir.1998); *Hall v. Blue Cross/Blue Shield of Alabama*, 134 F.3d 1063, 1065 (11th Cir.1998). The plaintiff in *Hall* was an office manager in a doctor's office. She participated in the decision to switch insurance carriers for the employees' health benefits plan. She alleged that an agent represented to her that although known preexisting conditions would not be covered for a 270–day period, Blue Cross would be responsible for all other conditions which might arise during that time period.

Three months after the new plan became effective, the plaintiff was diagnosed with a mass on her right ovary. Blue Cross denied coverage for the plaintiff's surgical procedure pursuant to the 270–day exclusion period for preexisting conditions. The plaintiff sued in state court alleging fraud, suppression, and fraud in the inducement based on the agent's representations. The defendant removed the case to federal court, and the federal district court denied the plaintiff's motion to remand. *See Hall*, 134 F.3d at 1064.

The Eleventh Circuit court stated that no court could determine whether the plaintiff had been fraudulently induced without comparing the written policy with the agent's representations. The terms of the ERISA-governed policy were critical to the resolution of the plaintiff's fraudulent inducement claim, and thus her cause of action was sufficiently related to an employee benefits plan to fall within ERISA's preemptive scope. *Id.* at 1065.

In *Engelhardt*, the plaintiff was one of four surgeons who had formed a group practice. The practice was a member in a multi-employer trust, established by Paul Revere Life Insurance Company, which provided group disability insurance coverage to eligible employees. The plaintiff disclosed in his individual application that he suffered from glaucoma. Paul Revere required the plaintiff to sign an amendment excluding benefits for disability related to either or both eyes. The plaintiff signed the amendment after an agent allegedly assured him that the amendment only applied to glaucoma-related problems and the insurance carrier wrote that the exclusion would be applied with "common sense and reason." *See Engelhardt*, 139 F.3d at 1348.

Over two years after the policy became effective, the plaintiff suffered a detached retina which was unrelated to his glaucoma. He filed a claim for disability benefits, and Paul Revere denied the claim based on the amendment to the plaintiff's application. The plaintiff sued in state court alleging fraudulent inducement. Paul Revere removed the case to federal court, contending that ERISA preempted the fraudulent inducement claim. The plaintiff added a claim for wrongful denial of benefits under ERISA. After the parties partially resolved the dispute, the federal district court granted a motion to remand the fraudulent inducement claim. *See id.* at 1349–50.

The Eleventh Circuit court reversed, finding that the claim affected an ongoing ERISA relationship and thus related to an ERISA plan such that ERISA preempted the fraudulent inducement claim. Importantly, the court noted that the impetus for the suit was Paul Revere's decision to deny the plaintiff's claim for benefits under the ERISA plan. *Id.* at 1353. The court further stated that the plaintiff "has stood on his contract and, despite characterizing his claim as one for fraud, has pursued the contractual benefits Paul Revere promised him." *Id.* at 1354.

This court has addressed whether ERISA preempted certain tort claims, including fraud in the inducement. *See Stoudemire v. Provident Life and Accident Insurance Co.,* 24 F.Supp.2d 1252 (M.D.Ala.1998); *Culpepper v. Protective Life Ins. Co.,* 938 F.Supp. 794 (M.D.Ala.1996).

In *Stoudemire,* the plaintiff asserted claims for fraudulent inducement and breach of contract-bad faith failure to pay. Regarding the fraudulent inducement claim, the court applied the rationale of *Hall v. Blue Cross/Blue Shield of Alabama* and held that ERISA preempted the claim because the terms of the policy were critical to its resolution. *See Stoudemire,* 24 F.Supp.2d at 1259. The court also found that ERISA preempted the bad faith failure to pay claim under the Eleventh Circuit's prior holding that state law claims "relate to" an ERISA plan "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *See id.* (quoting *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir. 1997)).

In *Culpepper,* the plaintiffs were members or employees of the National Guard Association of Alabama. The Association established an Insurance Trust, insured by Protective Life, for its members and employees. The plaintiffs alleged that when they purchased their policies, the defendants told them that their benefits would never decrease and that the policies would be effective for the remainder of their lives if they continued to pay premiums. Subsequently, the plaintiffs learned that the benefits under their policies would be cut in half when the plaintiffs reached age sixty, and terminated when the plaintiffs reached age sixty-five unless they converted their policies to whole-life policies. *See id.* at 795–96.

The plaintiffs sued in state court, alleging fraud in the inducement, general fraud, fraudulent suppression, negligence, wantonness, negligent supervision, and wanton supervision. The defendants filed a notice of removal and asserted that the claims required application of ERISA. Thereafter, the plaintiffs filed a motion to remand which this court denied. The court found that the plaintiffs' allegations were "intertwined with Protective Life's refusal to pay benefits as allegedly promised," and that the claims

were "not wholly remote from the Protective Life insurance plan." *See id.* at 801.

 These opinions do not stand for the broad proposition that ERISA preempts all fraudulent inducement claims. Rather, they illustrate that ERISA may preempt fraudulent inducement claims under certain circumstances. The essential inquiry for a court remains whether those claims "relate to" an ERISA plan. And the *Hall* and *Engelhardt* decisions offer some basic guidelines for courts which must inquire into the relationship between a plaintiff's claims and an ERISA plan. When the claims are based on a denial of benefits under the policy or require some construction of the plan's provisions, those claims likely will "relate to" the plan. Conversely, when the claims do not allege entitlement to benefits or necessitate any reference to the policy's provisions, those claims likely will fall outside ERISA's preemptive scope.

The absence of a policy is an essential difference between the present case and those cases where courts have found preemption of fraudulent inducement claims. The Plaintiffs do not claim benefits under the policy, nor do they make reference to any provisions in the policy. Their claims turn on the absence of a policy, not its interpretation. Whereas the plaintiffs in those cases which Boston Mutual cites alleged fraudulent inducement which led them to purchase an insurance policy, the Plaintiffs here assert fraudulent inducement and negligence or wantonness which led them to pay a premium for a policy which was never issued. The Plaintiffs do not need to compare the agent's representations with the policy to prove their claims. Their claims will rise or fall on the agent's representations alone.

## V. *CONCLUSION*

Even if the Boston Mutual policy at issue in this case otherwise would satisfy the elements of an ERISA plan, the policy was never issued. The Plaintiffs do not seek to recover benefits pursuant to the policy, nor do their claims necessitate any reference to the policy's provisions. Thus, the Plaintiffs' claims against Boston Mutual do not "relate to" an ERISA plan. Because the claims do

not "relate to" an ERISA plan, ERISA will not preempt the Plaintiffs' state law claims.

For the reasons stated above, the Plaintiffs' Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.