United States Court of Appeals,

Eleventh Circuit.

No. 97-6250.

Denise HALL, Plaintiff-Appellant,

v.

BLUE CROSS/BLUE SHIELD OF ALABAMA, Defendant-Appellee.

Feb. 4, 1998.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV-96-L-3363-M), Seybourn Lynne, Judge.

Before HATCHETT, Chief Judge, and FAY and FARRIS[*], Senior Circuit Judges.

HATCHETT, Chief Judge:

The principal issue in this appeal is whether the Employee Retirement Income Security Act of 1974 (ERISA) preempts a state law fraudulent inducement claim. We affirm the district court's ruling that the claim is preempted.

BACKGROUND

When appellant Denise Hall learned that she would need to have an ovarian mass surgically removed, she consulted appellee Blue Cross Blue Shield of Alabama (Blue Cross), the insurer of her employer-provided health benefits plan. Blue Cross informed Hall that it would deny any insurance claim arising out of the surgery. After Hall proceeded with the surgery and incurred over $10,000 in medical expenses, she filed suit in the Circuit Court of Marshall County, Alabama, claiming that agents of Blue Cross fraudulently induced her to enroll in its plan based on material misrepresentations about the scope of insurance coverage for preexisting conditions. Blue Cross

---

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

removed the case to the United States District Court for the Northern District of Alabama, asserting that Hall's state law fraud claims were preempted under ERISA. The district court dismissed Hall's case on preemption grounds.

Hall worked as Dr. Joseph Kendra's office manager. She was responsible for making decisions about the insurance carrier for the employees' health benefits plan. In December 1994, Blue Cross agents approached Hall and Dr. Kendra to discuss changing the employees' medical insurance coverage from Aetna Casualty & Surety Company (Aetna) to Blue Cross. Apparently concerned about coverage for her diabetic son, Hall inquired about the general scope of Blue Cross's coverage for preexisting conditions. The Blue Cross agents allegedly represented that known preexisting conditions, such as Hall's son's diabetes, and any pregnancy-related conditions, would not be covered for a period of 270 days after the effective date of the Blue Cross policy. The agents allegedly told Hall that Blue Cross would be responsible for medical care associated with all other conditions that might arise. Based on these representations, Dr. Kendra, Hall and the staff decided to drop the existing insurance coverage with Aetna and to contract with Blue Cross, without securing overlapping coverage during the 270-day waiting period. Blue Cross's group health plan, which is an ERISA-governed employee welfare benefits plan, went into effect on January 1, 1995.

After a regular gynecological examination in April 1995, Hall was diagnosed with a mass on her right ovary. Before this diagnosis, Hall did not have any medical status or symptoms that would have indicated that she suffered from this condition. Blue Cross denied Hall's claim for the costs she incurred in having the mass surgically removed because the treatment was rendered during the 270-day waiting period for preexisting conditions.

Hall's state court complaint against Blue Cross asserted three counts: (1) "fraud in or around December, 1994"; (2) "suppression"; and (3) "fraud in the inducement." Hall alleged that because

of Blue Cross's misrepresentations she did not secure other coverage during the 270-day exclusion period and did not request that Blue Cross modify its offer so as to cover unknown preexisting conditions. She sought compensatory and punitive damages.

After timely removing the case to the district court, Blue Cross filed a motion to dismiss or, in the alternative, for summary judgment on the grounds that Hall's state claims were preempted under ERISA and that Hall had failed to exhaust her administrative remedies as required under Blue Cross's plan. Hall moved to remand the case to state court and declined the district court's grant of leave to file an amended complaint incorporating claims under ERISA. After entertaining oral argument on the motions, the district court denied Hall's motion to remand and granted Blue Cross's motion to dismiss, without prejudice.

## DISCUSSION

The issue in this case is whether the district court erred in holding that ERISA preemption applies to Hall's claims based on fraudulent inducement. Hall contends that her claims arise solely under state law fraud doctrines. Blue Cross contends that Hall's claims implicate ERISA. We review *de novo* the district court's ERISA preemption analysis. *O'Reilly v. Ceuleers,* 912 F.2d 1383, 1385 (11th Cir.1990).

Ordinarily, a cause of action does not arise under federal law unless the plaintiff's "well-pleaded complaint" presents a federal question. *Kemp v. International Bus. Machs. Corp.,* 109 F.3d 708, 712 (11th Cir.1997). Although Hall's complaint purports to rely exclusively on state law, she cannot avoid federal jurisdiction if her allegations involve an area of law that federal legislation has preempted. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). Through ERISA, Congress specifically preempted "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a) (1994).

Moreover, in ERISA's civil enforcement section, Congress expressly provides the exclusive cause of action for the recovery of benefits governed under an ERISA plan. *See Kemp,* 109 F.3d at 712 (citing ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)). Accordingly, if state law claims implicate ERISA's preemption clause and fall within the scope of ERISA's civil enforcement section, then they are converted into federal claims. *Brown v. Connecticut Gen. Life Ins. Co.,* 934 F.2d 1193, 1196 (11th Cir.1991).

The Supreme Court has broadly interpreted the phrase "relate to" in ERISA's preemption clause so as to include any state law claim having " "a connection with or reference to' " an employee benefits plan. *New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 656, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). This court has further instructed that state law claims "relate to" an ERISA plan for preemption purposes "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997); *see also Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.,* 57 F.3d 1040, 1042 (11th Cir.1995) ("Where state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system.").

Hall contends that her fraudulent inducement claims arise out of the manner in which Blue Cross "marketed" its insurance policy prior to her becoming a beneficiary of the Blue Cross plan. She claims that ERISA does not govern the sale of insurance, but instead governs only the administration of insurance. Hall's principal argument is that her fraudulent inducement claims are entirely independent of the existence of Blue Cross's plan because she can prove her case in state court without ever referencing the plan's terms and provisions. Hall claims that she can state a prima

facie case of fraudulent inducement merely upon showing that Blue Cross's denial of coverage was inconsistent with its agents' representations, and she detrimentally relied on those misrepresentations. At no time, Hall argues, would she have to compare the agents' oral representations to Blue Cross's written policy.

Hall fails to consider the practical consequences of litigating her claims in state court. Ultimately, no court will be able to determine whether Hall has been *fraudulently* induced without resorting to the written policy and assessing the truth of the agents' representations. Because the terms of Blue Cross's ERISA-governed policy are critical to the resolution of Hall's fraudulent inducement claims, her cause of action is sufficiently related to an employee benefits plan to fall within ERISA's preemptive scope.

Under similar facts, this court reached the same conclusion in *Franklin v. QHG of Gadsden, Inc.,* 127 F.3d 1024 (11th Cir., 1997). While working for Goodyear Tire and Rubber Company, Linda Franklin participated in an ERISA plan under which her husband, Ronia Franklin, was a beneficiary. Due to a series of strokes and other ailments, Mr. Franklin was bedridden and received 24-hour home nursing care that was covered under his wife's benefits plan with Goodyear. When Baptist Memorial Hospital (BMH) extended an employment offer to Mrs. Franklin, she accepted the position conditioned upon BMH's assurance that her husband would receive the same level of care that he was receiving under Goodyear's plan. The defendant, QHG of Gadsden (QHG), later purchased BMH and decided to modify the insurance plan to exclude coverage for 24-hour nursing care. The Franklins filed suit against QHG in state court alleging that Mrs. Franklin was fraudulently induced to leave her employment with Goodyear through misrepresentations regarding the medical coverage that would be provided to her husband if she accepted BMH's offer of employment. Arguing that ERISA preempted the Franklins' claim, QHG removed the case to district

court and moved for summary judgment. *Franklin,* 127 F.3d at 1025-27.

In affirming the district court's summary judgment ruling in QHG's favor, this court reasoned that "a determination of the merits of appellants' state law [fraud] claims will require a court to compare the benefits available under the ERISA plans provided by BMH and QHG with those provided to its employees by Goodyear." *Franklin,* 127 F.3d at 1029. The court thus concluded that the Franklins' claims were preempted because they had "a direct connection to the administration of medical benefits under an ERISA plan." *Franklin,* 127 F.3d at 1029.

Likewise, substantiating Hall's allegation that Blue Cross misrepresented the scope of its coverage for preexisting conditions ultimately requires a comparison between the agents' statements and the written policy. This necessary resort to the terms and provisions of Blue Cross's employee benefits plan plainly implicates ERISA. Hall's state law fraudulent inducement claims are therefore related to Blue Cross's administration of an ERISA-governed plan and, as such, are preempted.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.