**Denise CARTER, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Defendant.**

**No. 5:98CV105–SPM.**

United States District Court, N.D. Florida, Panama City Division.

March 12, 1999.

---

Frank Alfred Baker, Marianna, FL, for Plaintiff Denise Carter.

W. Edward McIntyre, Bunnell Woulfe Kirschbaum Keller, Cohen & McIntyre, P.A., Ft. Lauderdale, FL (Adam Feinberg, Miller & Chevalier, Chartered, Washington, DC, of counsel), for Defendant Blue Cross Blue Shield of Florida, Inc.

## ORDER

MICKLE, District Judge.

THIS CAUSE comes for consideration upon Defendant's motion and memorandum of law for judgment on the pleadings brought pursuant to Fed.R.Civ.Pro. 12(c) and 12(h)(2) (doc. 11). Plaintiff has filed a response (doc. 18). Defendant also filed a motion for leave to file a reply to Plaintiff's response (doc. 24) to which Plaintiff filed a response (doc. 25). Defendant has filed a notice of new statutory authority and supplemental memorandum on the issue of preemption (doc. 32) as well as a subsequent notice of additional authority, both in support of the motion (doc. 37).

*Standard of Review*

Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *See Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998). A complaint may not be dismissed on a motion for judgment on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* The Court accepts as true the facts alleged in the complaint and draws all inferences in Plaintiff's favor. *See Bankers Ins. Co. v. Florida Residential Property and Casualty Joint Underwriting Assoc.,* 137 F.3d 1293, 1295 (11th Cir.1998). Having resolved Plaintiff's motion to remand (doc. 17) and determined that removal in this case was proper (doc. 38), the Court has jurisdiction to entertain this motion.

*Background*

It is undisputed that this case arose out of Defendant's denial of Plaintiff's claim for health benefits under the Service Benefit Plan ("the Plan"). The Plan is a federal health insurance plan created by a federal procurement contract pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901–8914. The purpose of the FEHBA, enacted by Congress in 1954, is to provide health insurance coverage to federal employees and retirees. *Kobleur v. Group Hospitalization & Medical Services, Inc.,* 954 F.2d 705, 709 (11th Cir.1992). The statute authorizes the Office of Personnel Manage-

ment ("OPM") to contract with carriers to provide health insurance to federal employees and to police those administering FEHBA plans. *See Id.* at 710; 5 U.S.C. §§ 8902, 8907, 8913, 8902(j). Defendant is just one carrier contracting with OPM to provide comprehensive health care coverage to federal employees like Plaintiff.

While the parties disagree about how long he was hospitalized, it is undisputed that Plaintiff's son was hospitalized from January 1, 1995 through April 14, 1995.[1] Thereafter, Plaintiff sought benefits for her son's hospitalization from Defendant but was denied upon a determination by Defendant that the hospital stay was not covered under the Plan. Pursuant to OPM regulations, Plaintiff appealed the denial to OPM. OPM affirmed the denial. Rather than seek judicial review of OPM's decision, Plaintiff filed this lawsuit against Defendant.

The Amended Complaint alleges that Defendant's denial of benefits constituted a breach of the Plan. The Complaint also appears to raise an estoppel argument. In her response to the motion, Plaintiff concedes that her breach of contract claim is preempted by FEHBA. In fact, such claims are preempted by the Act. *See e.g. Tackitt v. Prudential Ins. Co.*, 595 F.Supp. 887 (N.D.Ga.1984), *aff'd* 758 F.2d 1572, 1575 (11th Cir.1985) (the interpretation of FEHB plans is controlled by federal, not state, law); *Negron v. Patel*, 6 F.Supp.2d 366, 370 (E.D.Pa.1998) (breach of contract claim a "relatively easy case for preemption" because interpreting FEHB plans under state law and differing state contract doctrines could lead to differing outcomes with regard to benefits).

However, Plaintiff requests the opportunity to amend her complaint to assert a fraudulent inducement claim; she apparently waives the estoppel argument. *See, doc. 18.* Defendant seeks to file a reply to

Plaintiff's response, arguing that any fraudulent inducement claim brought by Plaintiff is also preempted by FEHBA (doc. 24). While Rule 15(a) mandates that leave to amend be freely given, leave need not be given where the amendment would be futile. Fed.R.Civ.Pro. 15(a); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir.1996). If the Act preempts fraud claims relating to FEHB plans, then allowing amendment to assert the claim would be futile. Defendant having shown good cause to file a reply as required under N.D.Fla.Loc.R. 7.1(C), the motion for leave to file a reply (doc. 24) is due to be granted. The reply will be considered to the extent that it addresses the issue of preemption. No further briefs on the issue will be allowed.

*Discussion: FEHBA Preemption of State Law Claims*

Federal preemption of state law is "a question of congressional intent." *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 767 (11th Cir.1998). The purpose of the preemption provision is to ensure nationwide uniformity of the administration of FEHBA benefits. *See Blue Cross & Blue Shield of Florida, Inc. v. Dept. of Banking and Finance*, 613 F.Supp. 188, 192–93 (M.D.Fla.1985), *aff'd* 791 F.2d 1501 (11th Cir.1986). FEHBA's preemption provision has been amended during the pendency of this case and is now much broader in scope. The issue necessarily presented then, is whether the law in effect prior to the new preemption provision applies or the amended provision applies. The Court reserves ruling on that issue. To determine whether a fraudulent inducement claim is preempted, making amendment futile, the Court will simply apply the prior § 8902(m) (1996).

Section 8902(m)(1) (1996) provides:

---

1. In the motion, Defendant indicates that Plaintiff's son was hospitalized from August 1994 through April 14, 1995. In the Amended Complaint, Plaintiff alleges that he was hospitalized from January 1, 1995 through April 14, 1995. This dispute is not material to the Court's consideration of the motion for judgment on the pleadings which is strictly concerned with whether Plaintiff's claims are preempted by FEHBA.

The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

Some courts have held that § 8902(m)(1) (1996) does not preempt state law claims. *See e.g. Kincade v. Group Health Services of Oklahoma, Inc.,* 945 P.2d 485, 492 (Ok. 1997); *Eidler v. Blue Cross Blue Shield United of Wisconsin,* 671 F.Supp. 1213, 1217 (E.D.Wis.1987); *Mooney v. Blue Cross of Western Pennsylvania,* 678 F.Supp. 565, 567 (W.D.Pa.1988).

■ While this Circuit has not squarely addressed the question of FEHBA preemption, the greater weight of authority is that state law claims, including tort claims, are preempted by § 8902(m)(1) (1996). First, the interpretation of FEHB health insurance plans is governed by federal, not state, law. *See Tackitt,* 758 F.2d at 1575. Additionally, this Circuit has broadly construed the "relates to" language of § 8902(m)(1) (1996) as preempting all state laws which have a connection with or refer to an FEHB plan. *See Blue Cross & Blue Shield of Florida, Inc.,* 791 F.2d at 1505.

■ The majority of federal courts of appeals have held that state tort claims which relate to FEHB plans are preempted by § 8902(m)(1). *See e.g. Myers v. U.S.,* 767 F.2d 1072, 1074 (4th Cir.1985) (holding, state law claims seeking recovery not contemplated by the Act must be deemed inconsistent with and preempted by FEHBA); *Hayes v. Prudential Ins. Co. of America,* 819 F.2d 921, 926 (9th Cir.1987) (tort claims preempted); *Burkey v. Govt. Employees Hosp. Ass'n,* 983 F.2d 656, 659–60 (5th Cir.1993) (reversing award on statutory claim for penalties and finding the claim preempted). The majority of federal district courts have adopted this majority view. *See e.g. Kight v. Kaiser Foundation Health Plan of the Mid–At-*lantic States, Inc., 34 F.Supp.2d 334 (E.D.Va.1999) (tort claims against carrier preempted); *Robinson v. Humana Group Health Plan, Inc.,* 1996 WL 653846 (D.D.C.1996) (adopting majority view of FEHBA preemption and dismissing state contract and tort claims as preempted); *Williams v. Blue Cross and Blue Shield of Virginia,* 827 F.Supp. 1228, 1230 (E.D.Va. 1993) (claims of breach of fiduciary duty and bad faith in processing benefit claims preempted); *Fink v. Delaware Valley HMO,* 417 Pa.Super. 287, 612 A.2d 485, 492–93 (1992) (adopting majority view, quashing appeal of the dismissal of tortious interference and punitive damages claims, and finding claims preempted); *Federal Plaza Medical Assoc. v. Palermino,* 1991 WL 29201, *8 (S.D.N.Y.1991) (finding, bad faith to settle, breach of common law fiduciary duties and tortious interference claims preempted).

■ In some of these cases, the fraud claims at issue were bad faith claims relating to the manner in which a plaintiff's claim for benefits was handled. *Hayes,* 819 F.2d at 926; *Palermino,* 1991 WL 29201, *7–8; *Burkey,* 983 F.2d at 660; *Williams,* 827 F.Supp. at 1229–30. These courts found that "tort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract." *Id.* While a claim for fraudulent inducement does not arise out of the manner in which a claim is handled, this Court can think of no rationale for treating such a claim any differently. First, the claim falls within the broad construction of "relates to" under § 8902(m)(1) as it relates to the Plan, an FEHB health insurance plan. Additionally, any recovery on the claim would invariably expand the carrier's obligations under the Plan. Finally, resolution of the claim would necessarily require the Court to interpret the Plan's provisions and terms. In so finding, the Court deems the rationale of the Eleventh Circuit court in a recent Employees Retirement Income Security Act ("ERISA") case persuasive.

Through ERISA, Congress preempted "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." *Hall v. Blue Cross/Blue Shield of Alabama,* 134 F.3d 1063, 1065 (11th Cir.1998); 29 U.S.C. § 1144(a). In *Hall,* plaintiff argued that her fraudulent inducement claim was not preempted by ERISA because the claim arose from the manner in which defendant had marketed its insurance policy. Because ERISA governs the administration of insurance rather than the sale of insurance, she argued the claim was outside the statute's broad preemptive scope. She further argued that she could prove the claim without ever referencing the plan's terms and provisions. *Id.* The Eleventh Circuit disagreed, explaining that no court could determine whether plaintiff had been fraudulently induced without resorting to the plan itself in order to assess the truth or falsity of the agent's representations. *Id.* Because the provisions of the ERISA-governed plan were critical to resolution of the fraudulent inducement claim, the court found that the plan fell within the ERISA's preemptive scope and thus, affirmed the district court's dismissal of the claim. *Id.*

Here, the interpretation of the Plan's provisions is governed by federal, not state law. *See Tackitt,* 758 F.2d at 1575. For these reasons, the Court finds that a fraudulent inducement claim is also preempted under the majority view of § 8902(m)(1) (1996). Thus, allowing Plaintiff to amend the complaint in order to assert the claim would be futile. Of course, if § 8902(m)(1) (1998) did apply here, *Hall* supports the conclusion that a fraudulent inducement claim would be preempted under the new version of § 8902(m)(1) as well.

Accordingly, it is ordered as follows:

1. Defendant's motion for leave to file a reply to Plaintiff's response (doc. 24) is GRANTED and deemed filed on the date of this order.

2. Defendant's motion for judgment on the pleadings (doc. 11) is GRANTED for the reasons discussed herein.