Paul KORMAN,

v.

## MAMSI LIFE & HEALTH INS. CO., et al.

### No. CIV.A.2000–1153.

United States District Court,
D. Maryland.

Oct. 27, 2000.

John M. Quinn, Rockville, MD, Cynthia A. Bridgford, Quinn McAuliffe Rowan & McLindon, Rockville, MD, for plaintiff.

Christopher Flynn, King, Pagano & Harrison, Washington, DC, for defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Plaintiff Paul Korman has filed this action alleging contract reformation[1] and negligent misrepresentation against Defendant MAMSI Health and Life Insurance Company ("MAMSI") and negligence against Defendants Dario Campolattaro

---

1. Both parties agree that the contract reformation claim against MAMSI relates to an employee benefits plan and thus, is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Plaintiff has moved that this count be dismissed without prejudice. The court agrees and dismisses count I of the complaint.

and Eric Fritschler[2]. The only count currently contested in this action is the negligent misrepresentation claim against MAMSI. Presently pending before this court are two motions: Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiff's motion to remand the claim to state court. The issues are fully briefed, and no hearing is deemed necessary. Local Rule 105.6. For the reasons discussed below, the court shall GRANT Defendant's motion to dismiss and DENY Plaintiff's motion to remand the claims to state court.[3]

## I. Background

In September 1998, the law firm of Van Ness Feldman ("VNF") entered into negotiations with MAMSI Health and Life Insurance Corporation ("MAMSI") over the terms and conditions of a health coverage insurance policy for VNF employees. Campolattaro and Fritschler, on behalf of MAMSI, met with VNF representatives to discuss specific illnesses and medical conditions of VNF employees. These meetings were supposed to provide a forum to determine whether or not the specific illnesses and medical conditions of VNF employees were covered under the policy of health insurance offered by MAMSI. Plaintiff is an employee of VNF.

VNF representatives, at a forum, advised Campolattaro and Fritschler that Plaintiff's son, Marc Korman ("Marc"), required surgery to treat and correct his medical condition. He suffered from malocclusion causing severe anterior open bite deformity, a condition of constant pain stemming from a misaligned jaw and difficulties eating. VNF representatives also requested confirmation that the expenses of the surgery and the surgeon, Jeffrey C. Postnick, M.D. would be covered by the terms of the health insurance policy. Plaintiff alleges that Compolattaro and Fritschler orally represented to VNF representatives that MAMSI's health insurance policy would cover Marc Korman's surgical expenses.

On October 1, 1998, Defendant MAMSI and VNF entered into a contract; MAMSI became the provider of health insurance to VNF employees and their dependents. Soon thereafter, Plaintiff purchased dependent coverage under the health insurance policy for his son, Marc.

In April of 1999, Dr. Posnick presented a presurgical request for coverage to Defendant MAMSI on behalf of Marc. On April 28, 1999, MAMSI responded with a letter denying the request explaining that the explicit terms of the policy precluded coverage of this particular surgery. MAMSI reiterated its denial of coverage in letters dated May 28, 1999, June 8, 1999, and June 15, 1999.

Despite MAMSI's refusal to cover the procedure, Marc Korman underwent surgery. It was performed by Dr. Posnick at the Georgetown University Hospital Center on June 22, 1999. Plaintiff paid all the costs. Specifically, Plaintiff paid $13,941 to Dr. Posnick, $3000 to Georgetown University Hospital, and $1,050 for the services of the anesthesiologist. Plaintiff's total out-of-pocket expenditure for the surgical services was $17,991.

Approximately eight months later, Plaintiff filed an action in the Circuit Court for Montgomery County alleging claims of

---

2. Because Plaintiff failed to show good cause as to why service of summons had not been made upon Defendants Compolattoro and Eric Fritschler within 120 days of filing the complaint, the court dismissed the counts of negligence without prejudice against these Defendants on September 11, 2000. See Paper no. 17.

3. Plaintiff, after agreeing to the dismissal of count I, asserts that this court has no jurisdiction over the remaining negligent misrepresentation claim because it does not "relate to" the ERISA statute and asks for a remand of the claim to state court. However, as analyzed later in the opinion, this court finds a direct relationship between the claim and an ERISA-controlled health benefits plan. Thus, this court has jurisdiction over the negligent misrepresentation claim and denies Plaintiff's motion to remand.

contract reformation and negligent misrepresentation. MAMSI removed the action to this court on April 19, 2000.

## II. Motion to Dismiss Standard

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Comet Enters. Ltd. v. Air–A–Plane Corp.*, 128 F.3d 855, 860 (4th Cir.1997). In reviewing the complaint, the Court accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). The Court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969). The Court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979).

## III. Analysis

### A. Negligent Misrepresentation and ERISA

The question before the court is whether ERISA preempts plaintiff's negligent misrepresentation claim against MAMSI. ERISA is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans" by regulating the administration of such plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Section 514(a) of ERISA, 29 U.S.C. § 1144(a), preempts "any and all State laws insofar as they may now or hereafter relate to any employment benefit plan" covered by ERISA. *Id.* at 91, 103 S.Ct. 2890. "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 97, 103 S.Ct. 2890; *see also California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997).

There is a narrow limit to the scope of ERISA's preemption. State claims are allowed to proceed if they "affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 85, 103 S.Ct. 2890. In applying the "relates to" standard, the Fourth Circuit considers whether the claims submitted subjected the employer to "conflicting employer obligations and variable standards of recovery", "determine whether any benefits were paid" or "directly affect the administration of benefits under the plan." *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 120 (4th Cir.1989)(allowing plaintiffs' state law claims for breach of contract, promissary estoppel, and negligent misrepresentation to survive ERISA preemption).

In *Pizlo*, employee plaintiffs sued their employer for allegedly misrepresenting the terms of the company's pension plan as well as unfairly terminating employees to prohibit them from receiving the full pension. Plaintiffs demanded compensatory damages measured by the wages, pension, health, life, and disability benefits that they would have received if not for the defendant's breach of contract and misrepresentations. *Id.* Critical to the court's ruling that plaintiffs' state law claims were

not preempted by ERISA was the fact that these claims "did not bring into question whether the plaintiffs [were] eligible for plan benefits, but whether they were wrongfully terminated from employment." *Id.* at 120.

Using similar analysis, in *All Risks, Ltd. v. Equitable Life Assurance Soc. of the U.S.*, 931 F.Supp. 409, 412–413 (D.Md.1996), an employer sued the insurer as well as its agents for misrepresenting the requirements for the creation and maintenance of an employee 401(k) Profit Sharing Plan and Trust during pre-plan negotiations. The court held that the misrepresentation claims in this case were of general application and will in "no way affect the administration of the plan or subject the plan to conflicting regulations which will destroy the uniform administration of the plan." *Id.* at 417.

The Fourth Circuit has not specifically addressed whether ERISA preempts misrepresentation claims arising from the sale of employee benefit plans.[4] However, the court has remarked that Congress intended for ERISA to preempt traditional state-based laws of general applicability interfering with "the relations among the principal ERISA plan entities (the employer, the plan, the plan fiduciaries, and the beneficiaries)." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1469 (4th Cir.1996). (citations and internal quotation marks omitted).

Generally, ERISA preempts claims filed by plan participants against an ERISA plan. For example, in *Hall v. Blue Cross/Blue Shield of Alabama*, 134 F.3d 1063, 1064–1065 (11th Cir.1998), an employee beneficiary sued the insurer of the employer-provided health benefits plan alleging that agents of the insurer fraudulently induced her to enroll in a plan based on material misrepresentations about the scope of the coverage for preexisting conditions. Plaintiff argued that she could state a prima facie case of fraudulent inducement merely upon a showing that Blue Cross' denial of coverage was inconsistent with its agents' representation upon which she detrimentally relied. *Id.* at 1065. She further argued that at no time would she have to compare agent's oral representations to Blue Cross' written policy. *Id.* The Eleventh Circuit rejected this argument holding that

> no court will be able to determine whether [plaintiff] has been fraudulently induced without resorting to the written policy and assessing the truth of the agents' representations. Because the terms of Blue Cross' ERISA-governed policy are critical to the resolution of [plaintiff's] fraudulent inducement claims, her cause of action is sufficiently related to an employee benefits plan to fall within ERISA's preemptive scope.

*Id.*

Furthermore, even in the cases standing for the proposition that ERISA does not preempt particular state law misrepresentation claims arising from the sale of benefit plans, the courts do a careful analysis of the interference with relations among traditional ERISA entities. *See Morstein*, 93 F.3d at 722 (allowing the state law claims of a plaintiff beneficiary to survive preemption after determining the insurance agency and agent she sued had induced her to change benefit plans but had no

---

4. In particular, the Seventh Circuit has held that ERISA preempts misrepresentation claims arising from the sale of benefits because they thwart ERISA's effort to "confin[e] benefits to the terms of the plan as written, thus ruling out oral modifications." *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir.1992). However, the Fifth, Sixth, Eighth, Tenth and Eleventh Circuits have all found that ERISA does not necessarily preempt these claims. *See Perkins v. Time Ins. Co.*, 898 F.2d 470 (5th Cir.1990); *Perry v. P\*I\*E Nationwide Inc.*, 872 F.2d 157 (6th Cir.1989); *Wilson v. Zoellner*, 114 F.3d 713 (8th Cir.1997); *Hospice of Metro Denver, Inc. v. Group Health Ins. Of Oklahoma, Inc.*, 944 F.2d 752, 756 (10th Cir.1991); *Morstein v. National Ins. Services, Inc.* 93 F.3d 715 (11th Cir.1996).

actual control over the payment of benefits or determination of plaintiff's rights under the plan); *Perkins,* 898 F.2d at 473 (preempting plaintiff's state law claims against his insurer after finding the negligent misrepresentation claim clearly related to the plan).

Plaintiff argues that his claim is unrelated to his son's eligibility under MAMSI's plan.[5] He contends that he is seeking out-of-pocket damages incurred as a result of MAMSI's alleged misrepresentations during the pre-plan negotiations; he is not seeking benefits mandated or owed to him under the plan. Thus, Plaintiff contends his claim is quite unrelated to the terms of the ERISA-controlled health policy.

However, to determine the validity of Mr. Korman's claim, the court would have to engage in a review and analysis of the ERISA plan purchased by Plaintiff. Unlike in both *Pizlo* and *All Risks,* this case is a dispute over the benefits received by a beneficiary of the plan. Moreover, this claim interferes with relations among traditional ERISA entities, namely plaintiff and MAMSI, by potentially altering the eligibility and distribution criteria of the health care plan. This state law claim would directly affect both the distribution of benefits as well as the general administration of the plan. Mr. Korman's claim clearly "relates to" the employee benefit plan and is, thus, preempted by ERISA.

## IV. Conclusion

For the reasons previously discussed, the court shall GRANT Defendant's Motion to Dismiss and DENY Plaintiff's Motion to Remand.

---

5. The same argument was rejected in *Hall,* 134 F.3d at 1065.