Phyllis BRIDGES, Plaintiff,

v.

PRINCIPAL LIFE INS. CO.
and Thomas B. Walker,
et al., Defendants.

No. Civ.A. 00–A–1725–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 27, 2001.

Leah O. Taylor, Taylor & Taylor, Birmingham, AL, for Plaintiff.

James S. Christie, Jr., Michael R. Pennington, Ronald H. Kent, Jr., Bradley, Arant, Rose & White, LLP, Birmingham, AL, Alan Carpenter Livingston, Lee & McInish, Dothan, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand filed by the Plaintiff, Phyl-

lis Bridges ("Bridges"), on January 19, 2001.

The Plaintiff originally filed her Complaint in this case in the Circuit Court of Barbour County, Alabama. The Plaintiff brings claims against Principal Life Insurance Company ("Principal") and Thomas B. Walker ("Walker") (collectively "the Defendants"). The Plaintiff brings claims for fraud (Count I), breach of contract (Count II), and negligent or wanton supervision (Count III).

On December 27, 2000, the Principal filed Notice of Removal, stating that this court had subject matter jurisdiction in this case under the Employee Retirement Income Security Act of 1974, 28 U.S.C. §§ 1001, et seq. ("ERISA").

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. See Burns, 31 F.3d at 1095.

## III. FACTS

Bridges was employed by Beard Oil Company. She states that while she was employed there, Principal and its agent Walker offered her a "retirement plan" which she purchased. She states that the nature of this "retirement plan" was mis-represented to her and that it was actually an adjustable life insurance plan. Bridges alleges that she purchased the policy in 1991 or 1992 and did not realize until 2000 that withdrawals from the plan were actually loans against the policy. The Defendants provide evidence that Bridges' employer contributed $50 toward her premium payments for the policy.

The Defendants have asserted that Bridges' claims relate to an ERISA plan and that the Defendants are ERISA entities, so that Bridges' state law claims are completely preempted under ERISA, giving this court subject matter jurisdiction in this case.

## IV. DISCUSSION

Removal of a case to federal court is only proper if the case originally could have been brought in federal court. See 28 U.S.C. § 1441(a). In this case, the Defendants argue that removal was proper because the court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. See Caterpillar, 482 U.S. at 393, 107 S.Ct. 2425.

There are, however, exceptions to the well-pleaded complaint rule. One exception is known as the "complete preemption" doctrine. Id. This exception is recognized in the rare instance that Congress so "completely pre-empts a particular area that any civil complaint . . . is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64, 107

S.Ct. 1542, 95 L.Ed.2d 55 (1987). The inquiry for complete preemption is jurisdictional in nature and focuses on whether Congress intended to make the plaintiffs cause of action federal and removable despite the fact that the plaintiff's complaint only pleads state law claims. *Whitman v. Raley's Inc.,* 886 F.2d 1177, 1181 (9th Cir. 1989).

 The Supreme Court has determined that the uniform regulatory scheme established by ERISA is one area in which Congress intended to provide for complete preemption. *Metropolitan Life Ins. Co.,* 481 U.S. at 64–67, 107 S.Ct. 1542. The Eleventh Circuit has set out four elements for finding complete preemption under ERISA: one, there must be a relevant ERISA plan; two, the plaintiff must have standing to sue under that plan; three, the defendant must be an ERISA entity; and four, the complaint must seek compensatory relief akin to that available under § 1132(a), which is normally akin to a claim for benefits due under a plan. *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1212 (11th Cir.1999).

 Bridges contests that there is an ERISA plan, but states in brief that it is her contention that the third and fourth *Butero* criteria most clearly demonstrate that complete preemption is not appropriate here.

As to the existence of an ERISA plan, the Defendants argue that the policy issued by Principal to Bridges was part of an ERISA plan, relying on *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982). In *Donovan,* the Eleventh Circuit stated that an ERISA plan is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits. *Id.* at 1543.

The Defendants have provided evidence that Bridges' employer maintained a plan where it contributed $50 per month to the cost of certain of its employees' adjustable life insurance policies. The $50 is paid directly to Principal.

The Eleventh Circuit has previously identified a very similar insurance policy as being part of an employee welfare benefit plan. *See Randol v. Mid–West Nat. Life Ins. Co.,* 987 F.2d 1547 (11th Cir. 1993). In *Randol,* an employee had purchased a medical insurance policy from an insurance company through its agent. The company requested that the premium payments be made through the employer's bank account. The employer then agreed to contribute $75 toward the cost of the monthly premium for employees choosing to participate. The Eleventh Circuit, relying on *Donovan,* concluded that the health insurance policy provided health benefits, the policy beneficiaries included employees, the source of financing was the employee-paid premium and employer contribution, and the procedures for receiving benefits were set out in the policy. *Id.* at 1550. The court concluded, therefore, that the *Donovan* test was met and that the insurance policy, the premiums to which the employer contributed, was a welfare plan under ERISA. *Id.* at 1551. Similarly, the evidence provided in this case establishes that the insurance policy provides death benefits to an identifiable class of beneficiaries, the source of funding is the employee-paid and employer contributions for premiums, and the policy sets out the method by which benefits can be received. Under *Randol,* therefore, the insurance policy, to which the employer contributed $50 as premium payments, is an ERISA plan.

Bridges does not appear to contend that she lacks standing to sue under the plan. A plan participant and a plan beneficiary have the requisite standing. *See* 29 U.S.C. § 1132(a). Accordingly, the second *Butero* requirement is also satisfied in this case.

 As to the third *Butero* requirement, Bridges argues that the Defendants are not ERISA entities. In so arguing, she relies on *Morstein v. National Insur-*

*ance Services,* 93 F.3d 715 (11th Cir.1996) (en banc), and district court cases applying that decision. In *Morstein,* the court held that when a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA. *Id.* at 722. The Defendants in *Morstein* were an independent insurance broker and his agency, who obtained for the plaintiff an insurance policy to be administered by a third party and underwritten by a separate insurance company. *Id.* at 716.

This court has previously concluded that where a plaintiff brings state law claims relating to an ERISA plan against an insurance company which issued the policy, paid the benefits, and made the decisions regarding eligibility for benefits, and its agent, rather than an independent broker as in the *Morstein* case, the defendants are ERISA entities. *See Culpepper v. Protective Life Ins. Co.,* 938 F.Supp. 794 (M.D.Ala.1996). Subsequent to this court's decision in Culpepper, the Eleventh Circuit decided *Butero.* In *Butero,* the Eleventh Circuit stated that because there was an ERISA plan, the insurance company was an ERISA entity, because it could control the payment of benefits and the determination of the plaintiff's rights under the plan. *Butero,* 174 F.3d at 1213. As to the insurance agent, the Eleventh Circuit stated that it declined to hold that claims against an ERISA entity's employee escape preemption because to so hold would also implicate the claims against the entity. *Butero,* 174 F.3d at 1213 n. 2; *see also Engelhardt v. Paul Revere Life Ins. Co.,* 77 F.Supp.2d 1226 (M.D.Ala.1999) (finding upon remand from the Eleventh Circuit that the insurance agent was an ERISA entity). This court finds, therefore, that the facts of the instant case, where the insurance company issued the policy and has responsibility for any payments made under the policy, do not fall within the *Morstein* rationale, but instead fall within the holding of *Butero.* Accordingly, the court concludes that Principal

and Walker are ERISA entities. *See Culpepper,* 938 F.Supp. at 801.

█ Bridges also contends that the fourth *Butero* requirement has not been met. She argues that her claims do not relate to an ERISA plan because she is not making a claim for any benefits. but is instead claiming that she was fraudulently induced to buy the policy.

The court's starting point for analyzing the claims in this case is the Eleventh Circuit's statement that it has "held that claims against an insurer for fraud and fraud in the inducement to purchase a policy are in essence claims 'to recover benefits due to [the beneficiary] under the terms of the plan.'" *Butero,* 174 F.3d at 1213. This court has previously recognized that not every fraud in the inducement claim is necessarily completely preempted. *See Mehaffey v. Boston Mutual Life Ins. Co.,* 31 F.Supp.2d 1329 (M.D.Ala.1998). The essential inquiry is whether the claims "relate to" an ERISA plan. *Id.* at 1335.

█ The Supreme Court has stated that the words "relate to" in ERISA's preemption provision should be broadly construed in that a particular state law claim "relates to" an ERISA plan if the state law claim has a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Such a determination must be made with a common sense view of the matter. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Even a state law with only an indirect effect on a benefit plan can be preempted unless it affects the plan in "too tenuous, remote, or peripheral a manner." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. 2890. Claims which are "related to" ERISA plans are those claims which specifically refer to and would affect an ERISA plan, would contravene the structure or purpose of ERISA, would require a construction of the benefit

plan, or would mandate an interpretation of the statutory duties of one of the parties to the plan. *See Consumer Benefit Ass'n v. Lexington Ins. Co.,* 731 F.Supp. 1510, 1515 (M.D.Ala.1990).

The Eleventh Circuit has decided two cases in particular which provide guidance in evaluating whether the claims in this case "relate to" the ERISA plan. In *Franklin v. QHG of Gadsden, Inc.,* 127 F.3d 1024, 1029 (11th Cir.1997), the plaintiff alleged that she had been promised that she would receive benefits under a medical plan, but that particular benefits in that plan would not be subject to modification or termination. The court reasoned that a determination of the merits of her state law claim for fraudulent inducement to leave her employment based on the representations as to her new employer's health coverage would require a court to compare the benefits available under the plans provided by her current and former employers. *Id.* at 1029. The court held, therefore, that the state law claims were completely preempted.

In *Hall v. Blue Cross/Blue Shield of Alabama,* 134 F.3d 1063, 1064 (11th Cir. 1998), the plaintiff claimed that agents of the insurance company fraudulently induced her to enroll in a plan based on representations as to the scope of coverage. The plaintiff in that case argued that the fraudulent inducement claims arose out of the manner in which the insurance company marketed the plan, and that there was no need to resort to the terms of the actual plan to determine that denial of coverage was inconsistent with the agent's representations. *Id.* at 1065. The court disagreed, holding that because no court would be able to determine whether there was fraudulent inducement without referring to the terms of the written policy to determine the truth of the agents' representations, the state law claims were preempted. *Id.*

Bridges claims that specific plan attributes were promised to her. She specifically alleges that she was told that she was purchasing a "retirement plan" into which she could put as much money as she desired because it was just like putting money in the bank and would grow because of interest, and that she could withdraw money from this "retirement plan" at any time without being taxed or penalized. Complaint at ¶ 6. She claims that she suffered damages because she has lost the use and benefit of the money she paid, she has no retirement plan and is unable to purchase a plan comparable to the one represented to her, she cannot withdraw funds without incurring interest, and she has suffered anxiety, worry, mental and emotional distress, inconvenience, embarrassment, humiliation, and other incidental damage. *Id.* at ¶ 12.

In this case, as in *Franklin* and *Hall,* no court will be able to determine whether Bridges was fraudulently induced "without resorting to the written policy and assessing the truth of the agent's representations." *Hall,* 134 F.3d at 1065. This is also true with regard to her claim for breach of an oral contract to provide a "retirement plan" with the attributes which she states were represented to her, and her claim that Principal negligently supervised its agent and failed to detect or deter his fraudulent activities. The dispositive facts for all three claims is the truthfulness of representations, which can only be evaluated based on the actual terms of the plan. This court concludes, therefore, that because the terms of the ERISA plan in this case are critical to the resolution of the state law claims, the claims are sufficiently related to an employee benefits plan to fall within ERISA's preemptive scope. *Id.*

## V. CONCLUSION

For the reasons discussed, the court concludes that it has subject matter jurisdiction in this case because the Plaintiff's state law claims are completely preempted by ERISA. Accordingly, the Motion to

Remand is due to be and is hereby OR-DERED DENIED.